[No. 11494–8–I.   Division One.   August 1, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANZ
E. PETERSON, *Appellant.*

*Julie Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah Phillips, Deputy,* for respondent.

DURHAM, A.C.J.—Franz Emilio Peterson appeals his conviction for indecent liberties pursuant to RCW 9A.44.100.

Kathy, a 9–year–old girl, spent part of the 1981 summer at her grandmother's house in King County. Peterson lived next door and, in July, Kathy went to his house to watch television. While Peterson and Kathy were sitting on the couch together, Peterson touched her breast and put his hand down her pants. Later that evening, Peterson and Kathy walked to a neighborhood grocery store. They took a shortcut through a wooded area and stopped at a mattress which was located slightly off the path and partially hidden by brush. Peterson again fondled Kathy and kissed her. He told her not to tell anyone.

The next day, her grandmother noted that Kathy's behavior was unusual. Kathy was nervous and quiet, acting "down" like she was ashamed, and looking like nobody cared about her. That evening, Kathy told her grandmother about Peterson's actions. On July 28, 1981, Peterson was charged with indecent liberties.

On October 15, 1981, just prior to trial, the State moved in limine to exclude any reference to Kathy's prior incidents of sexual abuse,[1] on the basis that the evidence was

---

[1] When Kathy was 7 years old, she was the victim of sexual molestation. In

irrelevant and highly prejudicial. Peterson argued that he should be able to show that this 9-year-old girl had been the complaining witness in two prior sex–related cases because it was relevant to her motive to fabricate the report. The court ruled that reference to the prior incidents was irrelevant and granted the State's motion in limine.

At the close of trial, the court instructed the jury on the reasonable doubt standard of proof, using the stock instruction from the Washington Pattern Jury Instructions.[2] Peterson excepted to the court's instruction on the ground that it had been specifically disapproved in *State v. Walker,* 19 Wn. App. 881, 578 P.2d 83 (1977). Peterson proposed two alternatives,[3] but the court refused both. The jury returned a verdict of guilty as charged. Peterson appeals.

---

that case the defendant pleaded guilty. She was also a witness in a case of communicating with a minor for immoral purposes, pending at the time of Peterson's trial.

[2]Court's instruction 3 reads in pertinent part:
"A reasonable doubt is one for which a reason exists. You are not to consider doubts that are unreasonable or which are unsupported by evidence or lack of evidence. A reasonable doubt is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt."

[3]Defendant's proposed instruction 2 reads in pertinent part:
"A reasonable doubt is an uncertainty, suspicion or unsettled opinion that may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence."

As authority for this instruction, Peterson cites *State v. Walker,* 19 Wn. App. 881, 578 P.2d 83 (1977); *Dunn v. Perrin,* 570 F.2d 21 (1st Cir.), *cert. denied,* 437 U.S. 910 (1978).

Defendant's proposed instruction 3 reads in pertinent part:
"A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt."

As authority for this instruction, Peterson cites *State v. Walker, supra.*

## ADMISSIBILITY OF EVIDENCE

Peterson first asserts that the trial court improperly excluded evidence of the prior incidents of sexual abuse. He claims that Kathy's experience provided a motive for her to fabricate her testimony to gain the attention which she received after the previous incidents. Although we agree that such evidence *may* be relevant to fabrication, we hold that the trial court correctly excluded the evidence in this case.

To be admissible, evidence must be relevant. ER 402. Relevance is defined as

> evidence having any tendency to make the existence or any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

ER 401. Relevance means that a logical nexus exists between the evidence and the fact to be established. *State v. Whalon*, 1 Wn. App. 785, 791, 464 P.2d 730 (1970). Thus, the evidence must tend to prove, qualify or disprove an issue for it to be relevant. *See State v. Demos*, 94 Wn.2d 733, 619 P.2d 968 (1980).

Here, Peterson failed to lay a foundation for his claim that Kathy was fabricating this incident. He made no offer of proof that her prior reports of sexual abuse were untrue, or that her story was so similar to the previous incidents that she was probably fantasizing. Nor did Peterson demonstrate that Kathy's motive to fabricate was her need for attention because she was unhappy living at her grandmother's house. In fact, the record supports a contrary conclusion.[4] Inasmuch as Peterson did not present the trial court with any evidence of relevancy, we cannot

---

[4]On cross examination, when asked if she missed her mother, Kathy replied that she did. She also stated that she was glad to be reunited with her mother after the incident was over. However, Kathy also testified that she enjoyed staying with her grandmother and that she did so frequently. Peterson did not show that the child was yearning to return to her mother and disliked or was depressed at staying with her grandmother. Peterson's reliance on the grandmother's testimony that Kathy was "down" is misplaced. The testimony described Kathy's behavior after the incident only.

say the trial court abused its discretion by excluding evidence of the prior sexual abuses. *See State v. Demos, supra* at 736; 5 R. Meisenholder, Wash. Prac. § 1, at 2 (1965).

We do not, however, purport to establish a blanket exclusion of evidence of prior incidents of sexual abuse of children. The very nature of this class of cases is apt to arouse sympathy, and the testimony of a victim should be given close scrutiny. It is important to present a complete picture of a victim to the jury in light of the presumed innocence of children regarding sexual matters. When a defendant challenges a child's veracity, it is unfair to deprive him of the right to show that the child had personal knowledge of sexual acts and terminology. Nonetheless, the examination must always be limited by the principle of relevancy as discussed above.

■ Although we uphold the trial court's determination in this case, we reject the State's arguments that the evidence was inadmissible pursuant to Washington's rape shield law[5] or ER 403.[6] The rape shield law was enacted to remedy the practice of producing evidence of a victim's past sexual conduct and attempting to show that there was a logical nexus between chastity and veracity. *See State v. Kalamarski,* 27 Wn. App. 787, 792 n.4, 620 P.2d 1017 (1980) (McInturff, J., dissenting). Thus, the statute guards against prejudice resulting from promiscuity. Similarly, ER 403 prevents evidence from reaching the jury if the potential for prejudice outweighs the probative value. Prejudice should not attach, however, to *victims* of others' sexual misconduct. The situation is not analogous to a complaining witness' prior promiscuity where the evidence is pro-

---

[5]RCW 9A.44.020(2) provides in pertinent part:

"Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on the issue of credibility . . ."

[6]ER 403 provides in pertinent part:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ."

duced to besmirch the witness' reputation. Accordingly, the rape shield law nor ER 403 provides a basis for the exclusion of evidence of prior sexual abuse.

### ACCURACY OF JURY INSTRUCTION

Peterson next argues that the court's instruction on the reasonable doubt standard of proof, as set forth in the Washington Pattern Jury Instructions at the time of his trial, inaccurately stated the law in light of *State v. Walker, supra*. We disagree.

■ In *Walker*, this court criticized a jury instruction identical to the one given here, as having a potential for confusion. *State v. Walker, supra* at 884. We suggested that the instruction be modified. Nevertheless, we found no error because the instructions, when read as a whole, accurately informed the jury that the State has the burden of proving each element of the offense beyond a reasonable doubt. *Walker*, at 884. Subsequent to Peterson's trial, the Committee on Jury Instructions adopted our suggested modification. The change, however, was to clarify the statement of law, it was not to correct an erroneous statement of law. The trial court's instruction 3 adequately informed the jury, and we find no error.

### SUFFICIENCY OF EVIDENCE

Finally, Peterson asserts that there is insufficient evidence to support the jury's verdict. Again, we are unpersuaded.

■ The standard to be applied by an appellate court in reviewing the sufficiency of the evidence for conviction is "'whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). When a criminal defendant challenges the sufficiency of the evidence, he admits the truth of the State's evidence and the inferences that reasonably can be drawn therefrom.

*State v. Gear,* 30 Wn. App. 307, 310, 633 P.2d 930 (1981).

RCW 9A.44.100 provides in pertinent part:

(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

. . .

(b) When the other person is less than fourteen years of age; . . .

. . .

(2) For purposes of this section, "sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

There is ample evidence in the record that, on two occasions, Peterson touched and/or rubbed Kathy's breast, put his hand down her pants, and kissed her. Kathy testified, "and every time he would kiss me he would stick out his tongue." The record also shows that Kathy was 9 years old. Considering this testimony most favorably toward the State, we hold that a rational trier of fact could find Peterson guilty of indecent liberties.

The judgment is affirmed.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied September 7, 1983.

Review denied by Supreme Court December 2, 1983.