481 A.2d 357

**COMMONWEALTH of Pennsylvania**

v.

**James HAIGHT, Appellant.**

Superior Court of Pennsylvania

Submitted June 22, 1984.

Filed Sept. 7, 1984.

Petition for Allowance of Appeal Denied Mar. 25, 1985.

Paul W. Brann, Lewisburg, for appellant.

Graham C. Showalter, District Attorney, Lewisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

Appellant was convicted, after a jury trial, of burglary and criminal trespass. Post-trial motions were filed and denied. Appellant was sentenced to four to eight years imprisonment. This appeal followed.

Five issues are raised on appeal: 1) Is the verdict contrary to the weight of the evidence?; 2) Did the court err in permitting the testimony of a Commonwealth witness not previously disclosed to Appellant?; 3) Did the court err in permitting testimony that a co-defendant had previously

been in jail?; 4) Were the prosecutor's attacks on the veracity of a co-defendant prejudicial to Appellant?; and 5) Did testimony as to Appellant's income, employment and receipt of welfare benefits deny him a fair trial?

Appellant first argues that the verdict is contrary to the weight of the evidence. A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Miller*, 303 Pa.Super. 504, 450 A.2d 40 (1982). This is not such a case. Co-conspirator Joseph Ruskuski testified that Appellant was an active participant in the burglary of the SEDA–COG office building. Ruskuski stated that Appellant entered the building and helped remove some equipment. Eva Ruskuski testified that her husband, Joseph, Jeffrey Yuhas, Daniel Derck and Appellant returned to Derck's apartment at about 3:00 a.m. Derck stated that they'd "tried to rob some electrical equipment from this place" and that they "got busted". Appellant kept saying, "I knew we'd get busted". Appellant testified that he was not involved in the burglary. The trial court did not abuse its discretion in refusing to grant a new trial on the ground that the verdict was against the weight of the evidence.

During cross-examination of Appellant's wife, the prosecution was permitted to bring out, over defense counsel's objection, the fact that Appellant was unemployed and on welfare at the time of the crime. The Commonwealth argues that this evidence was relevant to show a motive for burglary: a desire for money. We disagree.

Evidence is relevant if it logically or reasonably tends to prove or disprove a material fact in issue, or to make such a fact more or less probable, or if it affords the basis for a logical or reasonable inference or presumption as the existence of a material fact in issue. *Commonwealth v. Potts*, 314 Pa.Super. 256, 276, 460 A.2d 1127, 1137 (1983). The issue in this case was whether Appellant partic-

ipated in the burglary of SEDA–COG. It is not logical or reasonable to infer a person is guilty of burglary from the mere fact that he is poor. We do not consider poverty in general to be a "motive" to commit a crime. The evidence of Appellant's unemployment and receipt of welfare benefits was irrelevant and inadmissible.

■ Since we have concluded that the court erred in admitting this evidence, we must now determine if that error was harmless. The burden of establishing if an error is harmless falls on the Commonwealth, since it is the beneficiary of the court's rulings. *Commonwealth v. Farrior*, 312 Pa.Super. 408, 458 A.2d 1356 (1983). We hold that the Commonwealth has failed to meet that burden in this case.

Harmless error is one which could not have contributed to the verdict and error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless. Whenever there is a "reasonable possibility" that an error might have contributed to the conviction, the error is not harmless. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1973). The information concerning Appellant's income was clearly prejudicial. It is quite possible that this evidence discredited Appellant and influenced the jury in reaching its verdict. Therefore, the error was not harmless.

In view of our disposition of this issue, we do not need to address the remaining questions raised in this appeal.

Judgment of Sentence vacated and case remanded for a new trial.

Jurisdiction relinquished.

POPOVICH, J., concurring statement.

I join in the result reached by the majority because I do not believe the Commonwealth's case was so overwhelming as to render the inadmissible statement harmless error. *See Commonwealth v. Story*, 476 Pa. 391, 415–416, 383 A.2d 155, 166 (1978).