492 A.2d 1159

**COMMONWEALTH of Pennsylvania**

v.

**Joseph COIA, Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1985.

Filed May 17, 1985.

Richard R. Fink, Levittown, for appellant.

William F. Mabon, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before BECK, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that the trial court erred in excluding evidence of the victim's claims of past sexual attacks pursuant to Pennsylvania's Rape Shield Law, 18 Pa.C.S.A. § 3104.[1] We disagree and, accordingly, affirm the judgment of sentence.

The pertinent facts are succinctly set forth in the lower court's opinion as follows:

> [The fifteen year old victim] testified that on the morning of June 2, 1981, she walked to the Coia residence to meet her friend, Joanne Coia, the daughter of Defendant. [The victim] testified it was her habit to meet Ms. Coia and walk with her to their school bus stop. On this particular morning [the victim] was a little late in arriving at the Coia home, and Defendant told her that his daughter had already left for school. He then offered to drive [the victim] to the bus stop, and, as it was raining that morning, [the victim] accepted Defendant's offer of a ride in his yellow Corvette with the vanity license plate, COIA.
>
> Defendant did not drive in the direction of the bus stop. When asked by [the victim] where he was taking her, Defendant replied that he was taking her to school as it was on his way to work. Instead, at approximately 7:05 a.m., Defendant drove the victim to a shopping center across the street from her school. At that point, Defendant parked the car and unzipped his pants. He then

---

**1.** Appellant raises additional claims of trial court error and prosecutorial misconduct. We find that these issues are meritless and have been adequately disposed of in the lower court's opinion.

placed his hands on the victim's head, pushed her head down to his groin, and forced her to perform oral sex on him. Afterwards, Defendant drove [the victim] to her school, dropped her off there and told her not to tell anyone what had happened. A friend of the victim saw her being dropped off at school that morning by a man in a yellow Corvette with vanity plate, COIA, thus effectively negating a so called alibi witness called by the defense.

[The victim] testified that she arrived at school at approximately 7:15 a.m. Immediately upon her arrival she told a friend, Anita Pitera, about the sexual attack. Later that morning the victim also related the details of the incident to her teachers, Sister St. Kathleen and Father Thomas Herron, and to her mother, .... The police were called and also that morning took a statement from the victim.

(Lower Court Opinion at 1–2). On September 23, 1981, appellant was convicted by a jury of involuntary deviate sexual intercourse, indecent assault and corruption of a minor. Post-verdict motions were timely filed and denied. Appellant was subsequently sentenced to a term of imprisonment of one-to-four years. This appeal followed.

In the court below, appellant offered to show through the testimony of Joanne Coia that, on past occasions, the victim had made repeated and unbelievable claims of sexual attacks upon herself by others and may have engaged in a course of conduct evidencing consent to sexual relations with appellant. Appellant relies upon an affidavit signed by Joanne Coia, which was attached to his omnibus pretrial motions and which contained the following allegations: (1) in March of 1981, the victim told Joanne Coia that shortly before, on an evening when the victim was up late in her own home, her older brother was drunk, began chasing her and trying to take her clothes off and attempted to rape her; (2) in either April or May, 1981, the victim told Joanne Coia that when she was staying with her parents and her cousin, her grandfather started "making passes" at her and asked her "Why don't you go to bed with me"; and (3) in

March or April of 1981, the victim told Joanne Coia that Anita Pitera had told the victim that Anita's cousin had raped her (Anita). Joanne Coia believed that Anita never told such information to the victim. The trial court refused to admit the affidavit into evidence because such evidence was irrelevant and prohibited by section 3104 of the Rape Shield Law.

Section 3104(a) expressly provides that:

Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). Under this statute, we think it clear that the lower court properly excluded appellant's proffered testimony.

In so holding, we find that this Court's recent decision in *Commonwealth v. Black*, 337 Pa.Superior Ct. 548, 487 A.2d 396 (1985), is inapplicable to the instant case. In that case, we narrowly held that it was constitutionally impermissible to exclude, under the Rape Shield Law, evidence of prior sexual conduct with third persons, offered to reveal a specific bias against the accused and therefore a motive to make a false accusation, so as to deny the accused the right of confrontation. This holding was analogous to the ruling in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), which held that the shield protecting a juvenile against exposure of his prior record could be pierced where that record could provide exculpatory evidence relating to an adult co-defendant. In effect, the defendant's right to liberty was held to be superior to a juvenile co-defendant's right of confidentiality.

Here, however, the evidence in question would not have exculpated appellant, was clearly irrelevant to appellant's

alibi defense, and would have unnecessarily prejudiced the victim by permitting unproven allegations of prior sexual activity with third parties to be presented before a jury.[2]

Accordingly, we affirm the judgment of sentence.

Affirmed.

---

**2.** Even if appellant had proceeded under a consent theory of defense, we note that the offense of involuntary deviate sexual intercourse is statutorily defined so as to make consent irrelevant where the victim is less than sixteen years of age. *See* 18 Pa.C.S.A. § 3123(5). Here, the victim was fifteen years old. Moreover, under *Commonwealth v. Black, supra,* evidence of sexual conduct with third persons is irrelevant to prove consent of the victim. 337 Pa.Superior Ct. at 559, 487 A.2d at 401–02.