513 A.2d 453

COMMONWEALTH of Pennsylvania, Appellant,

v.

Marion SIMMONS.

Superior Court of Pennsylvania.

Submitted April 22, 1986.

Filed July 28, 1986.

Thomas L. Kearney, Assistant District Attorney, York, for Commonwealth, appellant.

Raymond R. Smith, York, for appellee.

328

Before WICKERSHAM, BROSKY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order entered April 16, 1985, in the Court of Common Pleas of York County granting appellee-defendant's motion for a new trial.

Appellee was convicted by a jury of two counts of rape, two counts of statutory rape and two counts of indecent assault. The victim was the appellee's twelve year old stepdaughter who lived with the appellee and his wife, the victim's mother.

Appellant, the Commonwealth in this appeal, presents the following questions:

1. Whether evidence of sexual conduct with another which demonstrates a witness' bias, interest, or prejudice or which attacks the witness' credibility is admissible despite the Rape Shield Law?

2. Whether the requirements for the introduction of evidence tending to show sexual conduct with another have been met in this case pursuant to *Commonwealth v. Black*, 337 Pa.Superior Ct. 548, 487 A.2d 396 (1985)?

This Court held in *Commonwealth v. Black*, supra:

[I]nsofar as the Rape Shield Law purports to prohibit the admission of evidence which may logically demonstrate a witness' bias, interest, or prejudice or which properly attacks the wittness' credibility, it unconstitutionally infringes upon an accused's right of confrontation under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

■ This Court, in holding that the Rape Shield Law may not be used to exclude relevant evidence showing the witness' bias or credibility, also emphasized that not all such evidence is necessarily admissible. Rather, a hearing should be held to determine (1) whether the proposed evidence is relevant to show bias or motive or to attack credibility, (2) whether the probative value of the evidence

outweighs its prejudicial effect and (3) whether there are alternative means of proving bias or motive or to challenge credibility. *Commonwealth v. Black,* supra, 337 Pa.Superior Ct. at 557–558, 487 A.2d at 401.

A hearing was held in the court below to determine the admissibility of certain testimony with respect to the victim. The trial court, in its opinion dated August 22, 1984, stated that:

> The defendant testified that he wants to testify at trial that in October of 1983 while the victim was being interrogated by her mother in the house where the defendant, the victim's mother and the victim lived concerning the rumor that the victim was pregnant, that it was then for the first time that the victim accused the defendant of sexual misconduct with her.

■ Following the hearing, the court below concluded that the testimony proposed to be admitted by the appellee was not admissible and appellee was precluded from testifying to it. However, in an Opinion and Order dated August 16, 1985, on appellee's Motion for a New Trial, the court below reversed its earlier decision stating that:

> While we held at the time of the *in camera* hearing that the proposed evidence was not for the purpose of showing bias or ulterior motive on the part of the victim, we now believe we were wrong and that we would have held differently if we had had the benefit of the *Black* and *Lee* opinions. (*Commonwealth v. Lee,* Pa.Superior Ct., 293 Hsbg., 1983 (1985)). Thus, we now hold that the probative value of the proposed testimony of the defendant outweighs the prejudicial effect it may have on the Commonwealth's case.

In *Black,* supra, this Court noted that the evidence in that case was offered to reveal *a specific bias against and hostility toward the appellant* and a motive to seek retribution by perhaps, false accusation. 337 Pa.Superior Ct. at 552–555, 487 A.2d at 398–399 (emphasis ours).

The offer of appellee in the case *sub judice* fails to reveal any bias against or hostility toward appellee or any motive to seek retribution against appellee. Appellee also argued that the testimony was needed to show that the victim was not credible because of the length of time it took to reveal the act. The victim testified at trial as to when she first told her mother of the rape. Further the trial court instructed the jury on the delay in reporting the incident and the question of credibility.

Accordingly, we conclude that the court below erred in granting appellant's motion for a new trial.

Order reversed and case remanded for sentencing.