566 A.2d 1197

**COMMONWEALTH of Pennsylvania**

v.

**Richard JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1989.

Filed Oct. 16, 1989.

---

186

Peter Rosalsky, Asst. Public Defender, Philadelphia, for appellant.

Deborah H. Fleisher, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, McEWEN, OLSZEWSKI, TAMILIA, POPOVICH, JOHNSON and MELINSON, JJ.

TAMILIA, Judge:

Appellant, Richard Johnson, was convicted by a jury of rape, indecent assault and corrupting the morals of a minor in connection with an incident in which he forced the ten-year old complainant to engage in sexual intercourse. He was sentenced to the mandatory five to ten year term of

incarceration for rape.[1]  No sentence was imposed on the remaining offenses.  Johnson now appeals the judgment of sentence and argues he should have been permitted to introduce evidence of a prior nonconsensual sexual assault against the victim.  This evidence was disallowed by the trial court because of the Rape Shield Law, 18 Pa.C.S. § 3104.  The panel originally assigned this case certified it to the Court en banc for resolution of the issue of whether the Rape Shield Law bars the admission of evidence of the victim's prior nonconsensual sexual conduct.

Nicole S. was ten years old when she was raped by appellant, then nineteen years old.  On March 22, 1987, during the afternoon hours, Nicole was playing with Tavona Johnson, appellant's niece, on the front porch of Tavona's home when appellant came from the house and asked the victim to meet him in a park across the street.  After meeting her, appellant took Nicole into a secluded area behind some bushes, laid her down on the grass, pulled down both of their pants and forced Nicole to engage in sexual intercourse.

A twelve year old neighbor, Hameen Crawley, watched Nicole enter the park pursued by appellant.  Hameen followed them and observed the rape in progress.  He shouted, "I got you", at which point appellant pulled up his pants.  Hameen slapped the victim on the back of her head and threatened to tell her mother.  Hameen and appellant argued, appellant threatened Hameen and the victim began to cry.  She then left the park and returned to the house where she again began to play with Tavona.

While the girls were talking, Hameen called the victim to where he and another boy, Donyell Gambrell, were standing and Nicole confirmed to Donyell the account of the rape described to him by Hameen.  Donyell told his mother what had occurred, who then informed the victim's mother, who immediately told Nicole to return home.  When the victim arrived home and was asked about the incident, she screamed and cried, "He made me do it, he made me do it."

---

1.  42 Pa.C.S.A. § 9718.  Sentences for offenses against infant persons.

The police were called and took Nicole to the hospital where a medical examination revealed the victim's genital area was red and swollen and her vaginal orifice was enlarged. Expert medical testimony confirmed that the condition was consistent with sexual penetration and rape.

On appeal, appellant argues he should have been allowed to introduce evidence that the victim, some time in the past, had told Tavona Johnson that a year or two prior to the instant assault, Hameen had sexually molested her. Appellant argues this evidence was admissible to impeach Hameen's eyewitness testimony in support of his exculpatory theory which blames Hameen for the assault, providing an explanation for the physical evidence that the victim had recent sexual contact. The statement would bolster the theory that Hameen was a biased witness, who had intimidated Nicole to blame appellant. At an in camera hearing, the testimony elicited from Tavona was such that the touching would have occurred one to three years earlier. Appellant argues the excluded testimony should have been admitted because it was related to prior *nonconsensual* sexual contact and was therefore not barred within the meaning of the Rape Shield Law. He claims the trial court misapplied the Rape Shield Law in that his defense required introduction of testimony that Hameen had some time earlier assaulted the victim and urges the Shield Law applies only to "volitional" sexual conduct and that "assaultive" sexual conduct does not trigger application of the Law.

While this issue is new to the Court en banc, it has previously been determined in panel decisions that assaultive sexual activity is covered by the Rape Shield Law, *Commonwealth v. Troy*, 381 Pa.Super. 326, 553 A.2d 992 (1989), and *Commonwealth v. Coia*, 342 Pa.Super. 358, 492 A.2d 1159 (1985). In both cases, attempts were made to introduce testimony concerning previous sexual assaults, and this Court affirmed the trial judge's denial to do so under the Shield Law. While the Shield Law was enacted primarily to prevent establishment of an unwarranted nexus between the victims reputation for chastity and her

veracity, it is equally applicable because prior sexual conduct is irrelevant to a subsequent assault. There is no reason to believe the legislature intended to except nonconsensual sexual conduct from this bar. While the primary reason has to do with lack of relevancy, there is also a persistent belief among some people that a woman or girl would not be assaulted unless she provoked the assault by acting promiscuously or deliberately placed herself in a situation where an assault could be anticipated. This is particularly so when the parties are known to each other. We have not yet completely disabused the public mind of the perception that an assault victim is somehow to blame for the assault, and this is even more so with child victims who, due to naivete or poor supervision, find themselves unprotected and dangerously vulnerable.

Relevancy may arise in the context of the proximity of the prior sexual assault or volitional intercourse to the incident which is basis for the charge, if it was so close in time as to be exculpatory to the defendant and plausibly accounts for the trauma exhibited by the victim. *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983). Appellant in his original brief would attempt to bring the facts of this case within the purview of *Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985), which relied on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (juvenile Act which prohibits admission of a witnesses prior juvenile record must give way to a defendant's sixth amendment right to confrontation of a witness when bias is an issue) which held the Rape Shield Law must give way to a defendant's sixth amendment right to confrontation of a witness, when it is necessary to probe into the possible bias in the testimony of a crucial witness. In *Black* the trial court, on remand, was directed to hold a hearing to determine whether the evidence offered would support the claim of bias *before* a new trial was granted. Appellant, in his supplemental brief, relies on *State of Washington v. Peterson*, 35 Wash.App. 481, 667 P.2d 645 (1983), and *State of Washington v. Carver*, 37 Wash.App.

122, 678 P.2d 842 (1984), for the proposition that abuse of the *victim* by other persons is not *misconduct* which would reflect on the victim and, therefore, is not excludable under the Shield Law.

■ Summarizing each of these arguments, we perceive at least three categories of factual situations against which the Shield Law may be tested as to its application:

1. Those factual situations in which the victim has engaged in prior consensual sexual activity unrelated to the present charge;

2. Those factual situations in which the victim has been previously sexually assaulted or abused by persons unconnected with the present charge; and

3. Those factual situations in which the victim has been sexually assaulted previously by a witness in the present case.

To aid in this analysis, we set out the Shield Law as follows:

§ 3104.   Evidence of victim's sexual conduct

(a) General rule.—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

(b) Evidentiary proceedings.—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. As amended 1976, May 18, P.L. 120, No. 53, § 1, effective in 30 days.

Under the Rape Shield Law, testimony in the first category of cases is clearly and without question excluded. The past sexual conduct of the victim with the defendant is admissible only when consent of the alleged victim is at issue. No exception is made under the Shield Law to prior nonconsensual sexual conduct and the only reason an exception is made to admission of testimony of prior contact between the victim and the defendant where consent of the victim is in issue, is the recognition that previously friendly or intimate relationships which turn acrimonious could be the basis for unwarranted charges of assault or rape, or persons once in an intimate relationship might misread each others intentions or signals leading to a questionable assault charge. Such cases have become topics for talk shows and popular print under the heading of "date rape". This clearly raises a jury question which cannot be resolved without proof of the prior intimate consensual conduct. Such is not the case with prior nonconsensual sexual conduct. Where the proposed testimony is lacking in bias, hostility or motive to seek retribution against defendant by the victim, it has been held to be inadmissible. *Commonwealth v. Simmons*, 355 Pa.Super. 326, 513 A.2d 453 (1986). A defendant would be foolish to propose such testimony and the prosecutor would be charged with prosecutorial misconduct for proposing it as it would implicate the defendant in other crimes which could lead a jury to conclude he was more likely to have committed the present assault because of proof of the former. This is true whether the victim was the present one or a third party.

The second category of cases is that in which the victim has previously been assaulted, with no nexus existing between the prior assault and the present which would be exculpatory to the defendant. It has been held that such testimony is likewise excluded. *Troy, supra.* Most recently the Pennsylvania Supreme Court in *Commonwealth v.*

*Durst,* 522 Pa. 2, 559 A.2d 504 (1989), reversed the Superior Court and held such evidence is irrelevant and therefore inadmissible. In that case, appellant attempted to show ineffectiveness of counsel for failing to interview and call exculpatory witnesses who he believed were responsible for sexual assaults on his daughter. In the face of evidence which was more than sufficient to convict appellant, evidence that other persons might also have had sexual contact with the four year old victim, which would not have proved exculpatory of the defendant, was properly refused as being discretionary with the trial court as finder of fact. The Supreme Court never considered application of the Shield Law to that case but made its determination on the basis of relevancy. We can, therefore, cite authority for excluding such testimony both under the Shield Law and under ordinary rules of evidence.

Thus despite the holdings in *Peterson* and *Carver,* which are Washington cases, independent of the Shield Law, Pennsylvania requires that the offered testimony be relevant.

Finally, we come to the third category which concerns allegations of a prior assault against the victim by a witness who is testifying to the present assault. This class of case must be measured under the exceptions proposed by *Black, supra.* Clearly the test is not whether the evidence is excludable from the limitations imposed by the Shield Law because it was assaultive rather than consensual, as we have reasoned above. The only basis for setting aside the prohibition against admission of such evidence is the potential bias of the witness, because of the nexus between the prior sexual activity and the testimony to be presented, which, if established, would be exculpatory of defendant. This implicates the defendant's right of confrontation and if it would be exculpatory, must be admitted. To determine its admissibility, the Court must be persuaded by its probative value that testimony offered against the defendant was biased and would not simply inform the jury of a prior assault on the victim. The court must determine, in the

face of the Commonwealth's evidence, and such offers of proof by the defendant that prior assaultive conduct on the victim was not only relevant but formed the basis for the biased testimony of a witness. Each case must be determined under its own fact situation and as in any evidentiary ruling, the trial court's decision will not be set aside, absent an abuse of discretion. *Commonwealth v. Cargo*, 498 Pa. 5, 444 A.2d 639 (1982); *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978); *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978); *also see Durst, supra.*

A careful review of the record establishes the following basis upon which the trial court determined not to admit the testimony.

The Commonwealth presented evidence that appellant sexually assaulted the victim Nicole, an eyewitness reported the assault immediately afterwards to a friend, who passed on the information to his mother who in turn informed the victim's mother. Nicole's mother called her into the house, and after questioning, Nicole confirmed that she had been assaulted. Immediately thereafter the child was taken to the hospital, examined and sexual penetration was confirmed.

Nicole's statement was consistent, with only immaterial variations, throughout the several times she was required to give it. Her statement was identical in most respects to that of the eyewitness. The sole inconsistency had to do with whether Hameen hit her on the head, as asserted by Nicole and the appellant, which was minimized by Hameen who stated he pushed her. Other physical evidence corroborated this assault as Nicole's hair was standing out and had grass and leaves in it as reported by several witnesses.

Appellant testified that he saw Nicole right outside the park crying, and upon his inquiry, she said Hameen had been messing with her. He went into the park and to prevent her from following, he ran. One-half hour later, after completing his exercise, he was coming from the park

and saw Hameen and Nicole together and again she was crying. He stated he saw Hameen strike her once on the back of the head at which time he told them to leave the park and go their separate ways which they did. He then caught a streetcar to his place of employment. He acknowledged he did not observe anything between them resembling sexual contact nor did her complaint about Hameen have to do with sexual activity.

It is appellant's contention that Hameen sexually assaulted Nicole, and to keep from being blamed, Hameen circulated the story about appellant being the assailant. In the face of the overwhelming evidence of his involvement, he sought to introduce testimony by Tavona that Nicole told her she did not like Hameen because "he brought her in the alley and touched her in a private part and hurt it." (T.T. Vol. III at 427.) This statement was made when Tavona was six or seven—she was nine at the time she testified, which means the statement would have been made one to two years before the incident (the trial was almost one year after the incident). Tavona was unable to say what the private part was or when the touching took place. It is important to note that Tavona is the appellant's niece, living in the same house, and was not permitted to have any contact with Nicole after the incident.

The statement was denied by Nicole who also denied any sexual contact with Hameen. He also emphatically denied any sexual contact with Nicole. Nicole did state Hameen always bullied her but she was not fearful of him. Testimony was also received that Nicole was picked on by other children because she was small and somewhat retarded mentally. With this testimony before the trial judge and the proffered testimony of Hameen's alleged touching coming from the niece of the accused, after being denied by both Hameen and Nicole, its probative value was very slight. Appellant's theory that Hameen was shifting the blame to him and had intimidated Nicole is belied by the fact that Nicole willingly testified to the bullying and beatings by Hameen while denying any sexual contact with him.

Yet she testified of sexual contacts with appellant, an older, bigger and presumably more threatening person. The apparent reason Nicole exhibited fear and concern about the incident was more evidently related to the fact that in going into the park with appellant, she had disobeyed her mother by leaving the front of Tavona's house, and for this reason she did not want Hameen to tell her mother. This rational fear was graphically demonstrated by the testimony of Kathleen Gambrell which described Nicole's mother reprimanding her angrily about leaving the house before comforting Nicole or trying to determine what happened or whether or not she was injured (T.T. Vol. II, 6/7/88, p. 239). These facts properly lead to the conclusion that Hameen did not sexually assault Nicole in the present or past, she was not so intimidated by him as to blame appellant for Hameen's assault, and Hameen was not testifying from bias so as to shift the blame for the sexual assault to appellant.

The weighing by the trial judge properly balanced the weight in favor of denying admission of the testimony as it would have been improperly prejudicial to the Commonwealth and had no exculpatory weight for defendant.[2] Here, appellant utilized an alternative means of attacking Hameen's credibility and testing his bias by his cross-examination of both Nicole and Hameen about any prior sexual involvement as well as Nicole's feelings about Hameen. Tavona's hearsay testimony of a remote statement allegedly made by Tavona would simply have distracted the jury.

In summation, we hold that the Rape Shield Law is a bar to admission of testimony of prior sexual conduct involving a victim, whether it is consensual or the result of

**2.** This balancing determination between probative value and unfair prejudice should be made by the trial court at an *in camera* hearing similar to that outlined in 18 Pa.C.S. § 3104(b). At this hearing, the trial court should determine the following as a matter of record to be preserved for appellate review: (1) whether the proposed evidence is relevant to show bias or motive or to attack credibility; (2) whether the probative value of the evidence outweighs its prejudicial effect; and (3) whether there are alternative means of proving bias or motive or to challenge credibility.
*Black, supra,* 337 Pa.Superior Ct. at 557–58, 487 A.2d at 401 (footnote omitted).

nonconsensual or assaultive behavior, unless it has probative value which is exculpatory to the defendant. Under such circumstances, the trial court in an in camera hearing will carefully weigh the evidence, and in his/her discretion make a determination as to the admissibility of that evidence. In doing so, the court will determine whether its probative value outweighs its prejudicial effect. In the absence of an an abuse of discretion, that decision will stand on appeal. We find there was no abuse of discretion in the rulings or proceedings by the able trial judge, Frederica Massiah–Jackson.

Judgment of sentence affirmed.

Concurring opinion by JOHNSON, J., in which MELINSON, J. joins.

Dissenting statement by POPOVICH, J.

JOHNSON, Judge, concurring.

I agree that the decision of the trial court, wherein the court refused to admit the hearsay testimony of the victim's friend, must be affirmed. However, my reasons are different from the reasoning set forth by the Majority; hence, this Concurring Opinion.

In my understanding, the Rape Shield Law, 18 Pa.C.S. § 3104, is only applicable when examining "the alleged *victim's* past sexual *conduct*." Therefore, unless the victim can be said to have engaged in conduct, herself (or himself), one cannot look to the Rape Shield Law in determining the admissibility of the particular evidence. In the case before us, I do not consider the alleged conduct of Hameen Crawley—"he brought her in the alley and touched her in a private part and hurt it"—to be within the realm of "the alleged *victim's* past sexual conduct". The testimony at issue only involves what Hameen Crawley is alleged to have done, that is to say, Hameen Crawley's *conduct*, and in no way relates to any *conduct* of the alleged victim, Nicole.

The Rape Shield Law uses the same phrase, and only one phrase, throughout its body: the alleged victim's past sexual conduct. It provides as follows:

§ 3104. Evidence of victim's sexual conduct

(a) General rule.—Evidence of specific instances of *the alleged victim's past sexual conduct*, opinion evidence of *the alleged victim's past sexual conduct*, and reputation evidence of *the alleged victim's past sexual conduct* shall not be admissible in prosecutions under this chapter except evidence of *the alleged victim's past sexual conduct* with the defendant where consent of the alleged victim is at issue and such evidence is otherwise *admissible* pursuant to the rules of evidence.

(b) Evidentiary proceedings.—A defendant who proposes to offer evidence of *the alleged victim's past sexual conduct* pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. . . .

18 Pa.C.S. § 3104 (emphasis added).

The Rape Shield Law focuses on the behavior—the conduct of the victim. In my view, where the behavior of the victim is not involved, the question of the admissibility of evidence falls outside the scope of the Rape Shield Law. In the case now before this court, inasmuch as it is the behavior of Hameen Crawley which is sought to be placed before the trier of fact rather than the behavior of the victim, Nicole, we cannot look to the Rape Shield Law—which deals only with the *victim's* behavior—in deciding whether the testimony should have been admitted.

Because I believe the scope of the Rape Shield Law is, by its very terms, somewhat narrow in scope, I believe our decisions in *Commonwealth v. Coia*, 342 Pa.Super. 358, 492 A.2d 1159 (1985) and *Commonwealth v. Troy*, 381 Pa.Super. 326, 553 A.2d 992 (1989) should be re-examined, neither of which dealt expressly with past behavior of the victim yet considered the applicability of the Rape Shield Law.

Even though the trial court, and the Majority of this court, employ what I believe to be an erroneous standard of review, this court may nevertheless affirm the trial court,

applying simple principles of relevancy. While I agree with Appellant that prior non-consensual sexual conduct is simply beyond the reach of the Rape Shield Law, I reject Appellant's contention that the ·statement concerning Hameen Crawley's conduct is admissible on any grounds.

Evidence is relevant if it logically or reasonably tends to prove or disprove a material fact in issue, or to make such a fact more or less probable, or if it affords the basis for a logical or reasonable inference or presumption as to the existence of a material fact in issue. *Commonwealth v. Haight*, 332 Pa.Super. 269, 481 A.2d 357 (1987), *affirmed* 514 Pa. 438, 525 A.2d 1199 (1987). I do not see how the testimony of Tavona as to what the victim, Nicole, may have said one to two years before the incident wherein Richard Johnson is alleged to have raped her is relevant on any material fact in issue.

First, appellant contends that the statement attributed to Nicole should have been admitted as a prior inconsistent statement. I agree with the Commonwealth that whether the victim had been assaulted some two years before the incident at issue is, at best, a collateral matter, upon which the victim may not be contradicted. *Commonwealth v. Fisher*, 447 Pa. 405, 290 A.2d 262 (1972); *Commonwealth v. Kesting*, 274 Pa.Super. 79, 417 A.2d 1262 (1979). Appellant also contends that Hameen, and not appellant, had assaulted Nicole and therefore, the testimony that Nicole had, at some unknown time, told Tavona that Hameen had, at some unknown earlier time, touched Nicole's "private part" is relevant to prove appellant's lack of guilt. In my view, the unreliable statement made at least two years before the trial would neither tend to disprove or tend to prove any material fact in issue regarding the assault upon Nicole which occurred on March 22, 1987.

I also agree with the Commonwealth that the admission of the statement as substantive evidence would have been error, even after *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), since the prior out-of court statement by

Nicole would have had none of the normal indicia of reliability.

Without any reference to the Rape Shield Law, I would find the proferred testimony of Tavona to be both irrelevant and inadmissible as falling outside any recognized exception to the hearsay rule. Because the behavior and conduct of the victim, Nicole, is not at issue in the evidence under review, I would decline to discuss the Rape Shield Law or, in the alternative, find it inapplicable on these facts.

Like the Majority, I find no abuse of discretion by the very able trial judge, the Honorable Frederica Massiah–Jackson. The judgment of sentence should be affirmed.

MELINSON, J., joins the concurring opinion by JOHNSON, J.

POPOVICH, Judge, dissenting:

I respectfully dissent from the opinion of the majority because I am convinced that the Rape Shield Law, 18 Pa.C.S.A. § 3104, does not serve as a bar to evidence of prior sexual *assaults* against a victim.

The Rape Shield Law, 18 Pa.C.S.A. § 3104(a), specifically states: "Evidence of *specific* instances of the alleged victim's past sexual *conduct,* ... shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." (Emphasis added).

I, unlike the majority, do not believe that a prior sexual *assault* qualifies as "past sexual *conduct.*" Inherent in "conduct" is a volitional component which is obviously absent from an "assault." *Black's Law Dictionary,* 268 (5th ed., 1979), defines "conduct" as "Personal behavior; deportment; mode of action; any positive or negative act." It further notes the Model Penal Code definition of "conduct": "An action or omission and its accompanying state

of mind or where relevant, a series of acts and omissions. Model Penal Code, § 1.13."

As the majority states, "the Shield Law was enacted primarily to prevent establishment of an unwarranted nexus between the victim's reputation for chastity and her veracity." Maj. Op. at 1198. The fact that a victim was sexually assaulted previously does not, in any manner, reflect upon her "chastity or veracity." Accordingly, I do not believe that the rule applies when a defendant seeks to introduce evidence of a prior sexual assault upon the alleged victim. Compare *Miller v. State*, — Nev. —, 779 P.2d 87 (1989) (prior false accusations of sexual abuse or sexual assault by complaining witnesses do not constitute "previous sexual conduct" for rape shield purposes). See also *Clinebell v. Com.*, 235 Va. 319, 368 S.E.2d 263, 264 (1988).

Rather than apply the Rape Shield Law, I am convinced that the question of whether evidence of a past sexual assault of an alleged victim is admissible is controlled by the rules of evidence. Simply put, the evidence proffered by the defendant must be relevant. Evidence is relevant if it logically tends to prove or disprove a material fact at issue, or if it tends to make such a fact more or less probable, or if it affords the basis for a reasonable inference or presumption as to the existence of a material fact in issue. *Commonwealth v. Haight*, 332 Pa.Super. 269, 481 A.2d 357 (1987), *affirmed* 514 Pa. 438, 525 A.2d 1199 (1987).

Instantly, I believe the evidence offered by the defendant is relevant to this inquiry. Appellant's sole defense was that Hameen Crawley committed the sexual assault. Hameen Crawley was known to have "bullied" the victim in the past. And Tavona Johnson testified, *in camera*, that the victim told her two years prior that Hameen "brought her in the alley and touched her in a private part and it hurt." This evidence certainly tends to support appellant's defense. I am convinced that whether Hameen forced Nichole to accuse appellant rather than himself is a ques-

tion for the jury to determine, one which affects the substantive evidence presented and the credibility of Hameen.

Accordingly, I find that the trial court erred in excluding the evidence in question, and I would grant a new trial.