573 A.2d 1153
**COMMONWEALTH of Pennsylvania**
v.
**Paul L. REEFER, Appellant.**
Superior Court of Pennsylvania.
Submitted April 3, 1990.
Decided May 1, 1990.

194

Joel A. Klein, Coraopolis, for appellant.

Claire C. Capristo, Deputy Dist. Atty., Pittsburgh, for Com., appellee.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge.

Following a nonjury trial, Judge Judith L.A. Friedman convicted Paul L. Reefer of rape, statutory rape, involuntary deviate sexual intercourse, indecent assault and corruption of minors. Judge Friedman sentenced Reefer to an aggregate term of five to twenty years' imprisonment after merger.

On direct appeal, Reefer now contends the trial court erred in ruling that the Commonwealth's two witnesses—the thirteen-year old victim and his mother—could not be impeached through testimony of defense witnesses regarding the past sexual conduct of the two Commonwealth witnesses. We disagree with this contention and affirm the judgment of sentence.

Reefer argues that the trial court erroneously relied upon *Commonwealth v. Petrillo*, 341 Pa. 209, 19 A.2d 288 (1941), cited in Packel and Poulin, *Pennsylvania Evidence*, § 608.10, page 442 (1987 ed.) for the proposition that witnesses can be contradicted only on matters germane to the issue trying, and that no contradiction is permitted on collateral matters. We find no error by the trial court.

On the third day of trial, March 10, 1989, after the Commonwealth had rested the previous afternoon, defense counsel attempted to put three witnesses on the stand. The offer of proof was as follows:

[DEFENSE COUNSEL] MR. KLEIN: These witnesses are individuals who know Rita Reefer and/or John Reefer—strike that—John Wampler and have had contact with both of these individuals, have either been propositioned by these people or have actually been physically touched by these people in a sexual manner. They will testify as to what these people are doing or have done with them.

[ASST.D.A.] MR. DERMODY: I submit that none of that is relevant.

Reefer contends on this appeal that the analysis of the trial court's conduct on this issue must be undertaken in the

light of the Rape Shield Law, 18 Pa.C.S. § 3104. We agree with the Commonwealth's position that the proffered evidence is properly excludable without considering the Rape Shield Law. Consent was never an issue in this prosecution involving a thirteen-year old minor boy. Nor was the proffered evidence otherwise admissible.

Evidence that other persons may have had sexual contact with a minor victim—which evidence would not prove exculpatory for the defendant then on trial—is properly refused on simple grounds of relevancy. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504, 506 (1989). Ordinary rules of evidence will exclude testimony that does not tend to prove or disprove a material fact in issue, or to make such a fact more or less probable, or if it does not afford the basis for a logical or reasonable inference or presumption as to the existence of a material fact in issue. *Commonwealth v. Haight*, 332 Pa.Super. 269, 481 A.2d 357 (1987), *affirmed* 514 Pa. 438, 525 A.2d 1199 (1987). In the case now before us, we are unable to see how the testimony of the three proffered witnesses concerning their sexual contacts with either the victim or his mother is in any way relevant to a determination as to whether Reefer committed the acts for which he was then undergoing trial. *Cf., Commonwealth v. Johnson*, 389 Pa.Super. 184, 196–199, 566 A.2d 1197, 1202–04 (1989) (Johnson, J., concurring).

Reefer heavily relies on *Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985) in asking us to remand this case for a new trial "so the defense may introduce evidence for the purpose of showing bias, or motive, or to attack the credibility of his accuser." Brief for Appellant, Conclusion, page 14. As we explained in *Commonwealth v. Coia*, 342 Pa.Super. 358, 492 A.2d 1159, 1161 (1985), in deciding *Black:*

> we narrowly held that it was constitutionally impermissible to exclude, under the Rape Shield Law, evidence of prior sexual conduct with third persons, offered to reveal a specific bias against the accused and therefore a motive

to make a false accusation, so as to deny the accused the right of confrontation.

█ Nowhere in the record, nor in the Brief on appeal, does Reefer claim that he would connect the alleged sexual activity involving the excluded defense witnesses with a motive for hostility by the victim, or his mother, against him. The excluded evidence in *Black* concerned the defendant's ability to cross-examine the prosecutrix/victim about her incestuous relationship with her brother, who had been driven from the home for that reason by the defendant. We face nothing like that in this case.

Were we to review this issue under the Rape Shield Law, as Reefer suggests, we would reach the same conclusion. In *Commonwealth v. Johnson, supra.* this court stated:

we hold that *the Rape Shield Law is a bar to admission of testimony of prior sexual conduct involving a victim,* whether it is consensual or the result of nonconsensual or assaultive behavior, *unless it has probative value which is exculpatory to the defendant.*

389 Pa.Super. at 195–196, 566 A.2d at 1202. (emphasis added).

This holding by our court in *Johnson* restates the statutory command found in the Rape Shield Law that evidence must first be relevant, that is to say "otherwise admissible pursuant to the rules of evidence", before an analysis under the Rape Shield Law can proceed.

A trial court's ruling on evidentiary questions is within the sound discretion of that court and will not be reversed absent a clear abuse of discretion. *Commonwealth v. Cargo,* 498 Pa. 5, 444 A.2d 639 (1982); *Commonwealth v. Barnhart,* 345 Pa.Super. 10, 497 A.2d 616 (1985). Following our review of the entire record, and particularly the Notes of Testimony of March 10, 1989, pages 2–9, we conclude that the distinguished trial judge properly exercised her discretion in excluding the proffered testimony.

The judgment of sentence is AFFIRMED.