**Commonwealth v. Malave**

*Carolyn P. Daringer, assistant district attorney,* for the Commonwealth.

*Maurice D. Stone,* for defendant.

KELLER, *J.,* August 12, 1994—On April 14, 1994, defendant Miguel Angel Malave was found guilty by a jury of statutory rape, involuntary sexual deviate intercourse, indecent assault and corruption of a minor.[1] On May 9, 1994, defendant was sentenced to a period of incarceration of six to 15 years in a state institution. Within 10 days, the defendant, through his attorney, Maurice D. Stone, Esquire, filed a motion to modify sentence, alleging that the defendant was entitled to 188 days credit for time served. We denied the defendant's motion on May 20, 1994. Thereafter, defendant filed the instant appeal.

In his concise statement of matters complained of on appeal, the defendant alleges that the trial court erred in refusing to allow defendant to cross-examine the victim's father about his knowledge of previous sexual crimes committed against the victim by his former friend, Edwin Zabala. Secondly, the defendant contends that the trial court erred in denying defendant's motion to modify sentence as the defendant was entitled to 188 days time served while incarcerated awaiting trial. This opinion follows pursuant to Pa.R.A.P. 1925(a).

The defendant molested 12 year old E.S. over a period of time beginning in the summer of 1992 and continuing through July of 1993. Sometime in July of 1993, E. finally confided in her aunt, and they reported the incidents to the police.

---

1. 18 Pa.C.S. §3122; 18 Pa.C.S. §3123(a)(5); 18 Pa.C.S. §3126(a)(6); and 18 Pa.C.S. §6301(a).

The testimony at trial revealed that the defendant was a friend of E's father, Saturnino Sanchez, and was among the many frequent visitors to the Sanchez home between July of 1992 through July of 1993. (Notes of trial testimony 4/13/94 at pp. 8, 21.) In addition, Saturnino testified that occasionally another friend, Edwin Zabala, would watch the children for him when he had to leave the house, and on two occasions Edwin stayed overnight. (N.T. at pp. 22, 24.)

On cross-examination, defense counsel attempted to elicit from Saturnino that Zabala was currently in Berks County Prison on charges that he molested E.S. (N.T. at p. 25.) At sidebar, defense counsel argued that the testimony was necessary to show that although defendant had the opportunity to commit the crimes, so did Edwin Zabala, and in fact Zabala was arrested and charged with the same kinds of acts against the victim. (N.T. at p. 26.) Furthermore, the defense contended that the testimony was needed to impeach E.'s credibility as to her knowledge of certain sexual acts and words she used to describe those acts. (N.T. at p. 27.) We sustained the objection to this testimony as was irrelevant to the central issue in the case.

## EVIDENCE THAT THE VICTIM WAS SEXUALLY ASSAULTED BY A THIRD PERSON

The defendant claims that the trial court erred in not permitting him to cross-examine Saturnino about his knowledge of Edwin Zabala's arrest and imprisonment for sexually molesting E.S. The proffered testimony was properly excluded as irrelevant and collateral to the issue of defendant's guilt for the following reasons.

Initially, we note that determinations of admissibility of evidence are within the sound discretion of the trial court, and will not be reversed absent an abuse of discretion. *Commonwealth v. Reefer,* 393 Pa. Super. 193, 573 A.2d 1153 (1990). Evidence is relevant when it tends to prove or disprove a material issue in the case, makes such a fact more or less probable, or affords a basis for a logical or reasonable inference or presumption as to the existence of a material fact in issue. *Id.*

Defense counsel argues that his proffered testimony was necessary to show that someone other than the defendant had the opportunity to commit the crimes in question. Secondly, defense counsel contends that Saturnino's testimony concerning Edwin Zabala would have served to impeach E.S.'s credibility and identification of the defendant as the perpetrator of the crimes. As a third basis, defense counsel claims that the testimony would have provided an explanation for E.'s knowledge of sexual acts and her use of specific words to describe them.

In order to introduce evidence that a third person had the opportunity to commit the crimes with which the defendant is charged, the proffered evidence must have sufficient probative value and be of an exculpatory nature to the defendant. *Commonwealth v. Johnson,* 389 Pa. Super. 184, 566 A.2d 1197 (1989). When the probative value of the testimony is sufficiently demonstrated, then the Rape Shield Law's prohibition against evidence of the alleged victim's past sexual conduct will not render such testimony inadmissible. 18 Pa.C.S. §3104.[2]

---

2. The Rape Shield Law states:

"(a) *General Rule.*—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's

The probative value or relevancy of evidence that a rape victim was previously sexually assaulted is shown when there is a sufficient nexus between the prior assault and the present crime, and the testimony is exculpatory to the defendant. See *Johnson, supra; Commonwealth v. Rini,* 285 Pa. Super. 475, 427 A.2d 1385 (1981). (Probative value of evidence that third person committed crimes with same details as the ones with which defendant was charged, depends on the degree of correlation between the crimes.)

However, where there is no sufficient connection between the prior sexual assaultive conduct and the alleged incidents committed by the defendant which would prove to be exculpatory, then testimony that a third person sexually assaulted the victim is irrelevant and inadmissible. Such testimony would do nothing except inform the jury of a prior sexual assault on the victim, which is impermissible evidence under both the Rules of Evidence and the Rape Shield Law. See *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989) (evi-

---

past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

"(b) *Evidentiary Proceedings.*—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a)."

dence that other persons might also have had sexual contact with the 4-year-old victim, which would not have proved exculpatory of the defendant, was properly refused as being irrelevant); *Commonwealth v. Majorana,* 503 Pa. 602, 470 A.2d 80 (1983) (a separate prior incident of sexual assault against victim by codefendant inadmissible; only when the evidence involved the same incident or provides an alternative account of the events in question is evidence of a sexual contact with someone other than defendant admissible); *Commonwealth v. Nieves,* 399 Pa. Super. 277, 582 A.2d 341 (1990) (evidence that merely provides an alternative source for the evidence of sexual abuse without precluding the defendant's guilt is inadmissible).

In the instant case, the testimony that another person in addition to the defendant had the opportunity to commit the crimes and was in fact currently serving a prison sentence for the same kinds of crimes was offered not through this other person, but through the victim's father. Thus, it would merely have shown that E.S. was the victim of another sexual assault, which is clearly without probative value and irrelevant to the central issue before the jury since it would in no way exculpate the defendant.

We note that had Edwin Zabala been called by the Commonwealth as a witness as originally contemplated, to testify that while the Sanchez children were in his and the defendant's care, E. left the house to go to the store and defendant left a short time thereafter, then we may have permitted the defense to cross-examine Zabala about his opportunity to commit the crimes and his conviction for molesting E.S..

Moreover, the testimony of Saturnino that Zabala had been arrested for the same kind of acts would have been relevant had the defense had raised the claim

of mistaken identity.[3] *Rini, supra.* However, as the only testimony so far elicited was that Sanchez had other friends that occasionally visited his home and once or twice watched his children while he was out of the house, defense's proffered testimony through Saturnino about Zabala was irrelevant.

Furthermore, we disagree with defendant's argument that Saturnino's testimony about Edwin Zabala would be admissible to challenge E.'s identity of defendant as the perpetrator or her knowledge of sexual techniques and the source of her nomenclature. In *Commonwealth v. Appenzeller,* 388 Pa. Super. 172, 565 A.2d 170 (1989), the Superior Court applied the Rape Shield Law in holding that evidence of a prior sexual assault was not admissible to show a source for a child victim's knowledge of sexual activity where her credibility was never under attack as to identification of the persons who assaulted her. The same reasoning is applicable in the instant case. There was no attack on E.'s identification of the defendant. As such, the defense may not raise the specter of other people being charged and cloak it as a challenge to the victim's credibility when her credibility had never been questioned with regard to identification or her knowledge of terminology.

Thus, we conclude under the facts of the instant case that the testimony was properly excluded as prejudicial, collateral and irrelevant since it would show nothing beyond the fact that E. was victimized by someone other than the defendant. See *Durst, supra; Johnson, supra.* Therefore, defendant's first allegation of error is without merit.

---

3. We add that there was no showing that Saturnino had any personal knowledge that Edwin Zabala was in fact in prison and for what reasons.

CREDIT FOR TIME SERVED

Defendant's last allegation of error is that the trial court erred in failing to award the defendant 188 days credit for time served. We believe that defendant is not entitled to receive credit for the time spent in incarceration awaiting trial in this case.

Prior to the instant charges, on November 22, 1992, the defendant was arrested and charged with resisting arrest and two counts of harassment at docket number 188/93. He posted bail and was released from prison on December 1, 1992. On April 4, 1993, defendant entered into a guilty plea and received a sentence of two years probation. On October 1, 1993, a bench warrant was issued for the defendant for violation of the terms of his probation. On October 29, 1993, the defendant was located and once again imprisoned. Then, November 1, 1993, the rape and related charges were filed against defendant in the present case. On November 4, 1993, a Gagnon I hearing was held and the case was taken before the court for formal disposition at a Gagnon II hearing held on December 13, 1993. As a result, defendant's probation was revoked. Defendant was resentenced to 46 days to 23 months, with 46 days credit for time served, and defendant was eligible to be released from custody provided a suitable parole plan was implemented.

The defendant now claims that he should have received credit for the six months he was in jail awaiting the outcome of this case, during which time he was eligible for parole (from November 1, 1993 to the date of sentencing, May 9, 1994).

However, the six months defendant spent incarcerated was not a result of the present charges. On the contrary, the 188 days defendant served in Berks County Prison

was against his sentence of 46 days to 23 months imposed for violation of his prior probation. Therefore, we find that defendant is not entitled to credit for the six months incarcerated while the instant charges were pending. As a consequence, the defendant's final allegation of error is without merit.

For all the foregoing reasons, we request the appellate court to affirm our discretionary ruling denying defendant's proffered cross-examination of Saturnino Sanchez, and our order denying defendant's motion to modify sentence.