527 A.2d 575

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John E. BRUNER.**

Superior Court of Pennsylvania.

Argued April 28, 1987.

Filed June 26, 1987.

Jo-Ann Verrier, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Michael J. Kelly, Assistant Public Defender, Philadephia, for appellee.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

BECK, Judge:

This is a direct appeal by the Commonwealth from the judgment of sentence imposed on appellee-defendant John Bruner after his conviction at a bench trial on charges of corruption of minors, indecent assault, and involuntary deviate sexual intercourse. Post-verdict motions were timely filed and argued. The trial court granted Bruner's motion to arrest judgment on his conviction of involuntary deviate sexual intercourse. All other post-verdict motions were denied, and Bruner was sentenced. The Commonwealth now appeals the order arresting judgment of involuntary deviate sexual intercourse.

The charges in the instant case arise out of Bruner's sexual assault of his five-year-old nephew. While the vic-

tim was visiting Bruner's home, Bruner invited the boy to accompany him outside on a walk. Once outside, Bruner led the boy to a car, which the two entered. Bruner proceeded to unzip the child's pants and remove the boy's penis. Bruner then put his mouth around and sucked the boy's penis.

On appeal, the Commonwealth's sole argument is that the trial court erred in interpreting the statutes defining the offense to mean that involuntary deviate sexual intercourse involving "sexual intercourse per os" occurs only when the mouth involved is that of the victim, not that of the perpetrator. We agree with the Commonwealth, and we vacate the judgment of sentence, reverse the order arresting judgment of involuntary deviate sexual intercourse, and remand for resentencing.

The statute defining the offense, 18 Pa.Cons.Stat.Ann. § 3123 (Purdon 1983), reads as follows:

§ 3123. Involuntary deviate sexual intercourse

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious;

(4) who is so mentally deranged or deficient that such person is incapable of consent; or

(5) who is less than 16 years of age.

At the time of the offense, Section 3101 of the Crimes Code, 18 Pa.Cons.Stat.Ann. § 3101 (Purdon 1983)[1], defined "deviate sexual intercourse" and "sexual intercourse" in the following language:

---

**1.** The definition of "deviate sexual intercourse" was amended effective February 19, 1985. 18 Pa.Cons.Stat.Ann. § 3101 (Purdon Supp.1986). The instant offense occurred on December 29, 1984. The amendment, which expanded the definition to include spousal sexual abuse, is not relevant to the instant case.

"Deviate sexual intercourse." Sexual intercourse per os or per anus between human beings who are not husband and wife, and any form of sexual intercourse with an animal.

"Sexual intercourse." In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required.

This court has recently analyzed these sections in depth in *Commonwealth v. Westcott*, 362 Pa.Super. 176, 523 A.2d 1140 (1987). The *Westcott* court interpreted the above statutes to include cunnilingus. Although the court in *Westcott* thus considered a different sexual act from the one in the instant case, we find the *Westcott* statutory analysis to be applicable to this case. In *Westcott* this court rejected an argument that "violation of § 3123 is limited to penile penetration of the mouth and the anus." 362 Pa.Super. at 191, 523 A.2d at 1147. The court noted the inclusion of the phrase "emission is not required" in the statutory definition of "sexual intercourse" and added:

A common sense analysis of this definition leads us to conclude that deviate sexual intercourse can be that which occurs by the means or the agency of the mouth (or tongue) in penetrating the vagina, i.e., the mouth (or tongue) is here utilized as the penetrating agent, thus embracing the statutory exclusion of the necessity for emission in § 3101's definition of sexual intercourse. Any other interpretation would result in an absurd construction being placed upon the statute which the General Assembly, in enacting legislation, is presumed never to intend. *Lehigh Valley Coop. Farmers v. Com., Bur. Employment Security, Dept. of Labor and Industry*, 498 Pa. 521, 447 A.2d 948 (1982); *Zimmerman v. O'Bannon*, 497 Pa. 551, 442 A.2d 674 (1982); 1 Pa.C.S.A. § 1921(1).

362 Pa.Super. at 191–192, 523 A.2d at 1147.

In interpreting legislative intent the court noted:

As to necessity and purpose of the involuntary deviate sexual intercourse statute, the Commonwealth, within the

proper bounds of its police power, does have a strong interest in shielding members of the public from unwelcome submission to sexual contact and in protecting minors from being sexually abused by adults. *See Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980), and *Commonwealth v. Maute*, 336 Pa.Super. 394, 485 A.2d 1138 (1984). We find this consonant with the general objectives set forth in the Crimes Code of 1972.

362 Pa.Super. at 192–193, 523 A.2d at 1148.

In making its holding, the *Westcott* court stated:

[W]e believe that a reasonable, common sense reading of § 3123, together with the definitional language contained in § 3101, leads to no other conclusion but that the legislature intended the act of cunnilingus to fall within the class of crimes constituting involuntary deviate sexual intercourse.

362 Pa.Super. at 195, 523 A.2d at 1149.

Similarly, we find that a "reasonable, common sense reading" of Sections 3123 and 3101 compels the conclusion that the legislature could not have intended the interpretation Bruner urges. Bruner would adopt the view of the trial court, which noted that Section 3101 defines "sexual intercourse" as requiring some penetration and added: "This Court takes that to mean penetration of the body of the victim and not that of the perpetrator." Bruner would have us conclude that an adult male who inserts his penis into a child's mouth commits involuntary deviate sexual intercourse, but an adult male who inserts a child's penis into his own mouth does not. By extension, under Bruner's interpretation of the statutory definition of sexual intercourse, when a man and a woman commit the most common sexual act, only the man is engaging in sexual intercourse. Such an interpretation is patently absurd.

We hold that the offense of involuntary deviate sexual intercourse, 18 Pa.Cons.Stat.Ann. § 3123 (Purdon 1983), includes an act that involves insertion of the victim's penis into the actor's mouth. Thus, the trial court erred in

arresting judgment of involuntary deviate sexual intercourse in this factual situation.

Judgment of sentence is vacated. Order granting the motion in arrest of judgment is reversed and the verdict reinstated. Case is remanded for resentencing. Jurisdiction is relinquished.