553 A.2d 992

**COMMONWEALTH of Pennsylvania**

v.

**William A. TROY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 2, 1988.

Filed Jan. 13, 1989.

Reargument Denied Feb. 24, 1989.

Ronald L. Collins, Clearfield, for appellant.

Before BROSKY, ROWLEY and MONTEMURO, JJ.

BROSKY, Judge:

This appeal lies from the judgment of sentence following appellant's conviction by a jury of involuntary deviate sexual intercourse, burglary, criminal trespass, indecent assault and defiant trespass.

On appeal, appellant raises three issues for our consideration: (1) whether he can be convicted of the offense of involuntary deviate sexual intercourse if he has been acquitted of the offense of rape; (2) whether the trial court erred in permitting the Commonwealth to impeach its own witness by the use of a prior inconsistent statement; and (3) whether the trial court committed error in refusing to permit appellant to inquire into or to present evidence of another person seen in the vicinity of the victim's residence or to inquire into allegations that the victim had previously claimed to have been raped. Finding that the record renders appellant's contentions unavailing, we affirm.

As his first issue, appellant asserts that since he was acquitted of rape (18 Pa.C.S.A. § 3121(2)), his acquittal for involuntary deviate sexual intercourse (IDSI) should logically obtain, as well, since the conduct giving rise to the charges was deviate in nature and constituted but one act.

The two statutory provisions under which appellant was charged read, in part, as follows:

§ 3121. Rape.

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse

. . . . .

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution

. . . . .

§ 3123. Involuntary deviate sexual intercourse

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

. . . . .

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution,

. . . . .

Additionally, the legislature has defined deviate sexual intercourse for the purpose of the conduct charged instantly as "[s]exual intercourse per os or per anus between human beings who are not husband and wife...." 18 Pa.C.S.A. § 3101. The statutory definition of "sexual intercourse," "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration, however slight; emission is not required." *Id.* From the foregoing, the absence of proof of penetration, not the nature of the sexual acts committed upon the victim, appeared to have been the touchstone of appellant's acquittal of the instant rape charge.

■ The crime of involuntary deviate sexual intercourse occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse. *Commonwealth v. Perrin,* 484 Pa. 188, 398 A.2d 1007 (1979). The deviate conduct for which appellant stands convicted involves the forcible insertion of his penis into the mouth and rectum of victim. In *Commonwealth v. Bruner,* 364 Pa.Super. 156, 527 A.2d 575 (1987), allocatur denied, 517 Pa. 614, 538 A.2d 497 (1988), this court

held that involuntary deviate sexual intercourse included acts of forcing the perpetrator's penis into the mouth of the victim and compelling the victim to place his penis into the mouth of the assailant. In *Commonwealth v. King*, 290 Pa.Super. 563, 434 A.2d 1294 (1981), we upheld a conviction for involuntary deviate sexual intercourse based upon conduct encompassing anal rape and the victim's forced performance of oral-genital intercourse upon her attacker.

That the conduct here in question comes within the ambit of Section 3123 of the Crimes Code (proscribing the commission of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, *supra*) and the legislative definition assigned to this type of transgression is beyond peradventure. Accordingly, the legislature has quite obviously made a distinction between the two types of conduct, as evidenced by the differences in the statutory definitions for sexual intercourse and deviate intercourse (*see* 18 Pa.C.S.A. § 3101, *supra*) and their separate treatment in the statutory scheme encompassing crimes against the person (*see* 18 Pa.C.S.A. §§ 3121 and 3123, *supra*).

To give appellant's argument its final repose, we turn to this court's decision in *Commonwealth v. Romanoff*, 258 Pa.Super. 452, 392 A.2d 881 (1978). Romanoff was charged with both rape and IDSI. The latter act involved the insertion of his penis into the victim's mouth. The trial court granted Romanoff's Motion to arrest the judgment of conviction on the rape charge because the evidence failed to establish penetration. On appeal, Romanoff made the identical argument which appellant now presents, i.e., Romanoff asserted that rape and IDSI comprise the same criminal elements and that the statutory definitions of "sexual intercourse" and "deviate sexual intercourse" rendered the two crimes one offense under the circumstances. As so rationalized, Romanoff concluded that his conduct amounted to only one criminal act.[1] This argument failed to persuade then as it does now. We wrote:

1. Both the trial court in its Opinion and the Commonwealth perceive appellant's first issue in terms of a double jeopardy argument. We do

We are not impressed by appellant's refusal to acknowledge that *deviate* sexual intercourse differs from sexual intercourse, as it is considered in its ordinary meaning, because of its aspect of deviateness. What may be an ambiguity in the definitions of actions made criminal will not cloud our applying common sense understanding to the facts. It was not error for appellant to have been indicted and tried for the instant two crimes, albeit that proof of the rape charge did not sustain conviction on that charge.

not read appellant's argument as raising a double jeopardy issue, nor do we believe that it is even suggested by the Statement of Question prefacing his appellate argument on this issue. *See* Pa.R.A.P. 2116(a). The argument that appellant does raise has been preserved as Allegation numbers two and three of his post-verdict Motions and as his first Statement of Reasons for Appeal filed pursuant to Pa.R.A.P. 1925(b).

By way of contrast, appellant preserves a separate and specific double jeopardy issue as Allegation number four of his post-verdict Motions which he has, nevertheless, failed to raise and argue before this court. The prohibition against being placed twice in jeopardy protects against a second prosecution for the same offense after acquittal or conviction and prevents multiple punishments for the same offense. *Commonwealth v. McCane,* 517 Pa. 489, 539 A.2d 340 (1988). Double jeopardy acts as a bar to double prosecutions only for a single offense. *Commonwealth v. Downs,* 334 Pa.Super. 568, 483 A.2d 884 (1984). The test for determining whether a criminal act constitutes a single offense for double jeopardy purposes is whether the act violates two different statutory provisions. If so, a double jeopardy problem does not arise when one of the statutory provisions violated requires proof of an additional fact which the other does not. *Id., citing Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Applying these principles to the facts at bar, appellant was, as we have noted in the text, charged with two distinct statutory offenses, viz: rape (18 Pa.C.S.A. § 3121(2) and IDSI 18 Pa.C.S.A. § 3123(2)). When comparing the statutory definition for ordinary sexual intercourse with that given to deviate sexual intercourse, we see that the legislature has added the element of penetration to the former. Under the *Brown/Blockburger* analysis, a successful rape prosecution is not complete without proof of the element of penetration. To obtain a conviction for IDSI, proof of commission of the deviate act, itself, is sufficient. Here, the Commonwealth's prosecution of appellant for rape failed, we surmise, because of the absence of sufficient proof of penetration. Appellant's conviction for IDSI is valid, however, and is not precluded by considerations of double jeopardy for the reasons set forth above. *See Commonwealth v. Romanoff,* 258 Pa.Super. 452, 392 A.2d 881 (1978).

258 Pa.Super. at 460, 392 A.2d at 884–85; (emphasis in text).

Appellant attempts to distinguish *Romanoff* on the basis that the accused there was charged with rape for the act of forcing his penis into the victim's vagina and with IDSI for placing his penis in the victim's mouth. By way of contrast, appellant asserts that both transgressions charged against him were deviate and constituted but one act. However, this represents a difference without a distinction for, as *Romanoff* acknowledges, proof of rape requires proof of the element of penetration without which an acquittal on the rape charge must follow or a guilty verdict thereon must be arrested. We are loathe to speculate upon the paths which jurors' thought processes travel toward their ultimate destination of verdict. Here, however, where the evidence was otherwise sufficient to support appellant's conviction for IDSI, we are inclined to agree with the reasoning of the *Romanoff* court that it was the absence of proof of penetration which defeated the Commonwealth's prosecution of the instant rape charge. While both statutory definitions embrace deviate acts, only one—sexual intercourse in the ordinary sense—requires proof and contains the element of penetration.

Insofar as appellant's argument would attempt to convey a factual inconsistency in the verdicts acquitting him of rape and convicting him of IDSI, the law does not require consistency in criminal verdicts so long as the evidence is sufficient to support the guilty verdict rendered. *Commonwealth v. Maute*, 336 Pa.Super. 394, 485 A.2d 1138 (1984). Here, the evidence was more than sufficient to sustain the conviction of IDSI.

Next, appellant alleges that the Commonwealth was impermissibly allowed to impeach its own witness with a prior inconsistent statement implicating appellant in violation of *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986). In *Brady*, the Supreme Court held that a prior inconsistent statement of a nonparty witness may be used as substantive evidence, not merely to impeach the witness'

credibility, if that witness is available for cross-examination at that judicial proceeding and the prior out-of-court statement was tendered under highly reliable circumstances. It is this latter prong of the *Brady* standard which appellant claims was violated. The specific "highly unreliable" circumstance under which appellant complains the initial statement was given was the witness' alleged ingestion of penicillin which both appellant in his Brief and the witness at trial stated caused the latter to become confused and forgetful. The witness' initial statement placed appellant at the victim's residence on the date and at the time of the sexual assault. A later statement, which coincided in substance with the witness' testimony at trial, did not. At trial, however, Patrolman Dohner, to whom the initial statement had been given, testified that the witness was positive of the date and time when appellant had left her residence to see the victim and that other members of the witness' family were present when she gave Patrolman Dohner her first statement. This circumstance, we believe, rendered the proffering of the initial statement sufficiently reliable under *Brady*. Moreover, and more importantly, as *Brady* recognized, appellant's counsel had the opportunity to vigorously cross-examine this witness with respect to comparisons between her initial statement and her later changed statement which her trial testimony tracked. The jury had an adequate opportunity to observe this witness' demeanor as she testified in explanation of the reasons for this inconsistency and, therefore, was able to weigh her credibility accordingly. Hence, under *Brady*, no error occurred here.

■ Appellant's final issue challenges the trial court's refusal to permit him to inquire into or to present evidence of some other unknown, unidentified tall, blond person allegedly seen in the area of the victim's apartment at the time of the sexual assault to demonstrate that this elusive individual, instead of appellant, may have been the perpetrator of the assault. Appellant also claims that he could have presented a witness who stated that the victim told this

unidentified witness that the former was meeting someone on the night in question, again, only to establish that someone else may have committed the subject offense. Further, appellant wished to present evidence that the victim stated that she had been previously raped while residing in New Jersey. The purpose of this offer, appellant claims, was to attack her credibility, not to demonstrate prior sexual activity.

Both parties and the trial court refer to the latter's disallowance of this evidentiary offer pursuant to 18 Pa.C. S.A. § 3104, commonly known as the Rape Shield Law. That statute bars evidence of the victim's past sexual conduct, as well as opinion and reputation evidence bearing upon such conduct, unless it was with the accused and the accused has raised the defense of consent. Appellant has not raised this defense and, thus, the proffered evidence is irrelevant under the facts of the case. *See Commonwealth v. Folino*, 293 Pa.Super. 347, 439 A.2d 145 (1981). Even taking at face value appellant's reason for the offer, i.e., that he only wished to present this evidence in aid of his alibi defense, he has supplied this court with only vacuous assertions. He has not identified the witness who would, purportedly, testify that the victim stated that she was meeting someone that night, nor did he produce at trial or otherwise identify either the tall, blond man allegedly seen in the vicinity of the victim's apartment at the time and on the date in question or a witness claiming to have seen this elusive individual.

With regard to the allegation of the New Jersey rape, appellant's Brief argues, "[T]he defense was not, again, offering that for the purpose of showing sexual conduct on the part of the victim, but rather to attack credibility." At 14. If this is so, appellant's assertions are made once again in a vacuum. He has not delineated for us the specific evidence which he wished to present in this regard. This matter is also not a proper focus of inquiry pursuant to 18

Pa.C.S.A. § 3104(a).[2] Appellant's defense, we note once again, was that of alibi. Any evidence sought to be presented under the Rape Shield Law would be inconsistent with and render his proffer of alibi a nullity. It would not have gone to his exculpation in any measurable sense. *See Commonwealth v. Coia,* 342 Pa.Super. 358, 492 A.2d 1159 (1985).

Judgment of sentence affirmed.

ROWLEY and MONTEMURO, JJ., concur in the result.

**2.** Both the trial court and the Commonwealth urge waiver of this issue because of the failure of appellant to file a Motion and offer at the time of trial concerning the victim's past sexual conduct. This motion and offer are required in writing pursuant to 18 Pa.C.S.A. § 3104(b). However, a Motion and offer under this subsection is proper only if the exception recognized under subsection (a) thereof may become relevant to an accused's defense under the facts of a particular case. The exception to the nonadmissibility of a victim's prior sexual conduct found in 18 Pa.C.S.A. § 3104(a) provides: "[E]vidence of the alleged victim's past sexual conduct with the defendant where the consent of the alleged victim is at issue [shall be admissible if] such evidence is otherwise admissible pursuant to the rules of evidence."

The Motion and offer, if filed here, would not have been cognizable under the statutory exception set forth above. Appellant did not raise the defense of the victim's consent. *See Commonwealth v. Folino,* 293 Pa.Super. 347, 439 A.2d 145 (1981). Such an allegation, moreover, would have been inconsistent with the defense theory of alibi. *See Commonwealth v. Coia,* 342 Pa.Super. 358, 492 A.2d 1159 (1985).