J-S28026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WILLIAM LEWIS | : | |
| | : | |
| Appellant | : | No. 3 MDA 2018 |

Appeal from the Judgment of Sentence, December 7, 2017,
in the Court of Common Pleas of Huntingdon County,
Criminal Division at No(s): CP-31-CR-0000483-2016.

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 05, 2018**

James Lewis appeals from the judgment of sentence imposed after his conviction in numerous criminal sexual offenses against his own minor children. He challenges the sufficiency of the evidence underlying the convictions. We affirm the judgment of sentence.

The trial court opinion discussed the pertinent facts of the case as follows:

1.	James Lewis (Defendant) is the biological father of Victim 1, born [in January 1987], (Trial Tr. p. 37) and Victim 2, born [in November 1988]. (Trial Tr. p. 69).

2.	When Victim 1 was eight -years -old, his father, James Lewis, began touching the child's genitals. (Trial Tr. p. 31).

3.	Under the guise of teaching his child sex education, James Lewis played with, stroked, rubbed, and sucked on Victim

1's penis on several different occasions. (Trial Tr. p. 31, 33).

4.  These incidents occurred in [Lewis'] bedroom, with the door locked, while his wife and other son (Victim 2) were out of the house. (Trial Tr. p. 33).

5.  James Lewis had Victim 1 lay on his stomach on his bed while James forced his penis between Victim 1's legs and began to hump him. James Lewis would have his son reciprocate this on him. (Trial Tr. p. 32).

6.  James Lewis coerced Victim 1 to perform oral sex on him when the child was approximately 12 or 13 years old. (Trial Tr. p. 36). Victim 1 was also required to stroke his penis to ejaculation on several occasions. (Trial Tr. p. 33).

7.  James Lewis would force Victim 1 to perform sexual acts on him by saying, "You don't love me if you don't do it." (Trial Tr. p. 34).

8.  One Sunday morning, James Lewis sucked on Victim l's neck to the point a "hickey" developed. [Lewis] did not allow Victim 1 to go to church that particular morning because of the presence of the hickey. (Trial Tr. p. 36.)

9.  Victim 1 was subjected to sexual abuse by his father approximately 10 times. (Trial Tr. p. 35.)

10. Victim 2 is also the biological son of [Lewis]. When Victim 2 was approximately eight years old, [Lewis] began to sexually abuse him. (Trial Tr. p.70).

11. [Lewis] would take Victim 2 into his bedroom when his wife and Victim 1 were not home and engage in sexual acts with Victim 2. (Trial Tr. p. 70).

12. The abuse starting (sic) by [Lewis] having Victim 2 watch [Lewis] masturbate then forced Victim 2 to stroke [Lewis'] penis until he ejaculated. (Trial Tr. p. 71).

13. [Lewis] performed oral sex on his son, Victim 2, and at times required Victim 2 to perform oral sex on [Lewis]. (Trial Tr. p. 72).

14. [Lewis] inserted his penis into his son's anus despite Victim 2's pleas to stop because it hurt. (Trial Tr. p. 72, 73).

15. Victim 2 endured this abuse approximately twice a month over a four-year span. (Trial Tr. p. 71).

16. The abuse ended when Victim 2 refused to engage in these sexual acts with his father. (Trial Tr. p. 73).

17. Victim 2 agreed to make a consensual recorded telephone call to [Lewis] per a request from the Pennsylvania State Police. This call took place at the Pennsylvania State Police Barracks in Huntingdon, Pennsylvania on August 1, 2016. (Trial Tr. p.76, 77).

18. [Lewis] made several incriminating statements during the recorded call on August 1, 2016. (Recording).

19. [Lewis] admitted under oath at trial that he engaged in anal sex with Victim 2, but claimed the then 12 -year -old victim had asked him to engage in the conduct. (Trial Tr. p. 131).

Trial Court Opinion, 1/30/18, at 1-2.

The single issue raised on appeal is whether the Commonwealth presented sufficient evidence to support a conviction[1]. However, Lewis' brief

_____

1. Lewis' "Statement of the Question Involved" frames the issue as whether the trial court erred in not granting his motion for a directed verdict (the same as a motion for judgment of acquittal). Essentially, he is challenging the sufficiency of evidence. The Pennsylvania Supreme Court has stated, "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Sunealitis**, 153 A.3d 414, 419 (Pa. 2016) *citing* **Commonwealth v. Emanuel**, 86 A.3d 892, 894 (Pa. Super. 2014).

- 3 -

and 1925(b) statement also discuss admissibility of evidence. This issue was undeveloped in Lewis' brief and as such fails to meet the requirements of Pa.R.A.P. 2119 (a) and will not be addressed here.

Our standard of review is well-settled for addressing challenges to sufficiency of evidence. Whether sufficient evidence exists to support a verdict is a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Tejada***, 107 A.3d 788 (Pa. Super. 2015). Furthermore:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

***Commonwealth v. Woodard,*** 129 A.3d 480, 489-90 (Pa. 2015). Evidence will be deemed insufficient to support a conviction when the verdict contradicts the facts of the case and is in "contravention to human experience and the laws of nature." ***Commonwealth v. Santana***, 333 A.2d 876 (Pa. 1975).

Pennsylvania's legislature has specifically allowed uncorroborated testimony from the victim of a sex crime to uphold a conviction under a Chapter 31 offense, even if that testimony is the only evidence against the accused. 18 Pa.C.S. § 3106. We have made frequent use of this principal and it is well established in case law. ***See Commonwealth v. Castelhun***, 889

A.2d 1228 (Pa. Super. 2005); **Commonwealth v. Bishop**, 742 A.2d 178 (Pa. Super. 1999).

The General Assembly defines "sexual intercourse" to include the ordinary meaning of sexual intercourse (vaginal), or intercourse per os (oral), or per anus (anal), with some penetration however slight, and emission is not required. 18 Pa.C.S. § 3101; **Commonwealth v. Kelley**, 801 A.2d 551, 555 (Pa. 2002). Any other forced interpretation of the statute would result in an "absurd construction being placed upon the statute which the General Assembly in enacting legislation, is presumed never to intend." **Commonwealth v. Bruner**, 527 A.2d 575, 576 (Pa. Super. 1987).

Furthermore, regarding legislative intent, we have also held that the Commonwealth has a strong interest in "shielding members of the public from unwelcome submission to sexual contact and in protecting minors from being sexually abused by adults." **Id.** This is consistent with our interpretation of the definition of sexual intercourse and its elements found in **Kelley**.

The legislature has also defined deviate sexual intercourse to include both oral and anal intercourse, as well as any slight penetration of the genitals or anus of another person with a foreign object for any purpose, other than good faith medical, hygienic, or law enforcement procedures. 18 Pa.C.S. § 3101.

All of Lewis' convictions challenged on this appeal require an act of sexual intercourse in order for a conviction to be upheld, with the exception

- 5 -

of the convictions of indecent assault. Indecent assault requires the accused to have indecent contact with the victim, the victim to have indecent contact with the accused, or the victim to come into contact with seminal fluid with the purpose of arousing sexual desire in the victim or the accused. 18 Pa.C.S. § 3126. The legislature has defined indecent contact as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

The trial court declared the evidence was sufficient because the Pennsylvania General Assembly has stated that the testimony of the victim alone is adequate to uphold a sex crime conviction. Additionally, the trial court noted that the Lewis' conduct was in fact corroborated by his own words in the telephone call recording, and in portions of his testimony. Lewis did not deny that certain sex acts occurred between him and his victims, either in the telephone recording or his testimony. The trial court concluded that the evidence was not only sufficient, it was overwhelming. Trial Court Opinion, 1/30/18 at 3.

Lewis argues that his sexual contact with his sons was entirely for educational purposes, not for pleasure, and, therefore, the evidence was insufficient to convict him on all charges. Lewis' Brief at 12. He mistakenly believes that where the General Assembly states that sexual intercourse is given its ordinary meaning in §3101, it included within that definition some element of sexual gratification. Lewis' Brief at 11-12. He ignores the case law

cited above which defined sexual intercourse as any intercourse without any reference to pleasure. **See Kelley**, 801 A.2d at 555. Instead, Lewis argues the legislature intended that sexual intercourse, to be a crime, must be for the purposes of "procreation or pleasure." Lewis' Brief at 12. This argument is without merit. Nothing in the crimes code relating to sexual intercourse states the accused must perform the acts for pleasure or sexual gratification. The code only requires that there be some slight penetration of the vagina, mouth, or anus of the victim. Thus, Lewis' argument fails.

Additionally Lewis argues the evidence was insufficient to sustain a conviction because there was conflicting testimony between him and the two victims. Lewis' Brief at 12-13. However, consistency is not required to sustain a criminal verdict and the fact finder's decision will not be overturned so long as sufficient evidence existed for conviction. **Commonwealth v. McCalman**, 795 A.2d 412 (Pa. Super. 2001). The testimony of both victims was more than enough to establish the elements of the convicted crimes beyond a reasonable doubt. Both victims testified to the fact that Lewis had penetrated them orally and had indecent contact with them on numerous occasions. Victim 2 also testified that Lewis penetrated him anally on one occasion. The victims' testimony was corroborated by Lewis' own testimony and in the recorded phone call between Victim 2 and Lewis. For both victims, Lewis did not deny that he committed the heinous crimes, but attempts to justify them, saying he did them for educational purposes. The victims' testimony was sufficient

on its own to convict Lewis, and was bolstered by Lewis' own brazen admissions and lack of denial. Thus, Lewis' second argument fails.

In sum, we find that the evidence presented at trial is sufficient, if believed, to establish all the elements of the charged offenses beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2018