J-A13006-22

2022 PA Super 119

| IN THE INTEREST OF: K.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.G. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1784 EDA 2021 |

Appeal from the Order Entered July 1, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0001149-2020

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

OPINION BY OLSON, J.:                                    **FILED JULY 07, 2022**

Appellant, K.G., a juvenile, appeals from the dispositional order[1] entered

on July 1, 2021, adjudicating him delinquent of unauthorized use of

_____

[1] Initially, we recognize the following:

> Since we lack jurisdiction over an unappealable order, it is incumbent on us to determine, _sua sponte_ when necessary, whether the appeal is taken from an appealable order.

> An appeal lies only from a final order, unless permitted by rule or statute. Generally, a final order is one that disposes of all claims and all parties. **_See_** Pa.R.A.P. 341(b).

**_Int. of L.B._**, 229 A.3d 971, 975 (Pa. Super. 2020) (internal case citations, quotations, and brackets omitted).

> This Court has found:

> Appeals from the juvenile court, which is a court of record, to the Superior Court...are governed not by the Juvenile Act, 42 Pa.C.S.A. § 6301–6320 but by the Rules of Appellate Procedure.

_(Footnote Continued Next Page)_

_____

> Pursuant to Pa.R.A.P. 341, an appeal may be taken as of right from any final order of a juvenile court.
>
> In order to determine what constitutes a final appealable order, this Court must look beyond the technical effect of the adjudication to its practical ramifications.

*In re M.H.M.*, 864 A.2d 1251, 1254 (Pa. Super. 2004) (internal case citations, quotations, and brackets omitted).

> Finally, we have previously determined:
>
> In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent. The order of disposition in a juvenile matter is akin to the judgment of sentence in a criminal matter in that both are final orders subject to appeal.
>
> *         *         *
>
> [A dispositional order] imposing no further penalty on [] new adjudications [is] the disposition of that matter. **Compare Commonwealth v. Rubright**, 414 A.2d 106, 109 (Pa. 1980) (in criminal court, a "determination of guilt without further penalty … constitutes a final, appealable order.")

*In Int. of P.S.*, 158 A.3d 643, 649 (Pa. Super. 2017) (internal quotations, original brackets, and some case citations omitted).

Here, there is no dispute that the July 1, 2021 order constituted a final order. In that order, the trial court adjudicated Appellant delinquent for unauthorized use of automobiles (UUA), found Appellant in need of treatment, supervision or rehabilitation, ordered restitution be paid to the victim and costs paid to the court, and released Appellant from detention. **See** Order of Court, 7/1/2021. However, the trial court did not impose additional conditions of treatment, supervision, or rehabilitation. Instead, the trial court recognized that Appellant previously admitted to committing an unrelated drug offense, but adjudication in that matter had been deferred and also that there was still an open criminal matter to decide in Delaware County. N.T., 7/1/2021, at 22-24. As such, in this matter, the trial court left the "disposition open" and relinquished jurisdiction to "Courtroom 3E, Hearing Officer Betsy Wahl." **Id.**; **see also** N.T., 7/1/2021, at 23 ("Adjudicate him delinquent. Relinquish jurisdiction to E Court, and leave disposition open so they can decide what to

*(Footnote Continued Next Page)*

automobiles (UUA), 18 Pa.C.S.A. § 3928(a), and ordering the payment of court costs and restitution to the owner of the vehicle. Upon careful consideration, we vacate the July 1, 2021 order of disposition.

We briefly summarize the facts and procedural history, as gleaned from the certified record. The Commonwealth charged Appellant with the aforementioned crime, as well as theft by unlawful taking – moveable property and receiving stolen property,[2] following an incident that occurred on July 29, 2020. The trial court held an adjudicatory hearing on July 1, 2021. At that hearing, the car owner testified that she parked her 2014 silver Nissan Versa in front of her house on Girard Avenue in Philadelphia, Pennsylvania on July 24, 2020. N.T., 7/1/2021, at 14. The following day, the car owner reported to the police that the car had been stolen. *Id.* Four days later, on July 29, 2020, at approximately 7:56 a.m., Officer Christopher Smith of the Philadelphia Police Department "observed a silver Nissan Versa that was in

_____

do with this."); *see also* Appellant's Brief at 7 n.1. ("Courtroom 3E, or 'E Court' as it is often called, is a courtroom in which a Juvenile Court Hearing Officer presides over, *inter alia*, dispositional review hearings and placement review hearings."). Taken together, our review of the certified record and applicable law leads us to conclude that the July 1, 2021 order was final and appealable. The trial court adjudicated Appellant delinquent and ordered Appellant's detainer to be lifted, imposed court costs and restitution, and deferred any additional treatment, supervision, or rehabilitation to be decided by a hearing review officer who was presiding over review of Appellant's other adjudicatory matters. By relinquishing jurisdiction to the hearing officer, the practical ramification of the July 1, 2021 order was to impose no further treatment, supervision, or rehabilitation penalties upon Appellant in this matter. Because there were no further claims pending before the trial court on this docket, the July 1, 2021 order was final and appealable.

[2] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

the parking lane [on the 1700 block of North 23rd Street] enter the travel lanes in front of [him] and [the driver] did not use a turn signal." *Id.* at 5. After verifying that the vehicle had been reported stolen, Officer Smith initiated a traffic stop. *Id.* Officer Smith detained Appellant, the driver and lone occupant of the car. *Id.* Officer Smith then contacted the car owner who confirmed ownership of the car and signed a form stating that she did not give Appellant permission to drive the vehicle. *Id.* The police subsequently released the automobile to the car owner. *Id.* Officer Smith also testified that, at the time of Appellant's arrest, there was no damage to the vehicle. More specifically, the ignition system, dashboard, and steering column were not broken or damaged, the vehicle identification number was intact, and there were no signs of forced entry. *Id.* at 8-10. In fact, Appellant was operating the vehicle with keys. *Id.* at 10. Moreover, Appellant was cooperative with police, pulled over immediately upon command, and did not attempt to flee. *Id.* at 8-9.

At the conclusion of the Commonwealth's case and upon defense counsel's oral motion for judgment of acquittal, the trial court dismissed the charges of theft by unlawful taking and receiving stolen property. *Id.* at 19. The parties stipulated to character evidence that Appellant "has a reputation for being law abiding, honest[,] and peaceful[.]" *Id.* The trial court ultimately adjudicated Appellant delinquent for UUA. *Id.* at 22. On July 9, 2021, Appellant filed a motion to reconsider the adjudication which was denied by

operation of law on September 7, 2021. ***See*** Trial Court Opinion, 11/17/2021, at *1 (unpaginated). This timely appeal resulted.[3]

Appellant presents the following issues for our review:

A. Was [] the evidence insufficient to sustain a finding that [Appellant] committed the offense of unauthorized use of an automobile where the [Commonwealth] failed to prove that he acted with the requisite *mens rea*?

B. Did [] the juvenile court err and abuse its discretion in adjudicating [Appellant] delinquent where it found he was in need of treatment, supervision, or rehabilitation based solely on the fact that [Appellant] had committed delinquent acts and as such, the adjudication of delinquency was based on insufficient evidence?

Appellant's Brief at 4.

Appellant summarizes both issues as follows:

The evidence was insufficient to support the trial court's finding that [Appellant] committed UUA because the Commonwealth failed to prove that [Appellant] acted recklessly with respect to the owner's lack of consent. The evidence showed only that he was driving the car with keys [four] days after it had been stolen. The surrounding circumstances, together with evidence of [Appellant's] good character, did not support a finding of [delinquency].

After finding [that Appellant committed] UUA, the juvenile court adjudicated him delinquent upon hearing that he had admitted to a misdemeanor in another case and had unknown pending charges in another county. The mere fact that a juvenile has committed delinquent acts cannot support a finding that he is in need of treatment, supervision, or rehabilitation. The juvenile

---

[3]  Appellant filed a notice of appeal on September 7, 2021. On October 28, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on October 29, 2021. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 17, 2021.

court knew nothing else about [Appellant]. It was an abuse of discretion to adjudicate him delinquent.

*Id.* at 8-9.

The Commonwealth agrees and concedes that Appellant is entitled to relief on both appellate issues:

> The Commonwealth does not contest that, on the specific record and circumstances of this case, [Appellant's] adjudication of delinquency for unauthorized use of an automobile was not supported by the facts. Insufficient evidence existed to support an inference that [Appellant] possessed the requisite *mens rea*, that he was at least reckless with regard to the stolen status of the car. Additionally, the juvenile court abused its discretion in adjudicating [Appellant] delinquent without first conducting a hearing to determine [Appellant's] need for treatment, supervision, or rehabilitation.

Commonwealth's Brief at 5.

When examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, this Court employs a well-settled standard of review:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence.

> Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In Interest of J.G.*, 145 A.3d 1179, 1188 (Pa. Super. 2016) (internal citations omitted).

"A person is guilty of [UUA,] a misdemeanor of the second[-]degree[,] if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner." 18 Pa.C.S.A. § 3928(a). "In order to establish the *mens rea* element of the crime of unauthorized use of automobiles, the Commonwealth must prove that the accused was at least reckless with respect to the owner's lack of consent to the accused's operation of the vehicle." *Commonwealth v. Dunlap*, 505 A.2d 255, 257 (Pa. Super. 1985) (citation omitted); *see also Commonwealth v. Carson*, 592 A.2d 1318, 1321 (Pa. Super. 1991) ("[A] conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle."); *see also Commonwealth v. Matthews*, 632 A.2d 570, 572 (Pa. Super. 1993) (The Commonwealth may establish the necessary *mens rea* by showing whether the person in possession of the automobile "knew or had reason to believe the property was stolen"). "[T]he mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which

would indicate that the defendant knew or had reason to know that the property was stolen." *Id.* The Pennsylvania Supreme Court has held:

> It is difficult to enumerate every circumstance that would warrant a conclusion that the appellant had reason to know the property was stolen. Some of the significant circumstances can be the appellant's conduct; the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the possession; the kind of property; the quantity of the property; and the identifying characteristics of the property.
>
> *       *       *
>
> The possession of an automobile which does not belong to the driver is not so strange, unusual, or unique that it points to guilty knowledge as more likely than innocent knowledge on the part of the driver. The borrowing or leasing of an automobile for temporary use is not an uncommon occurrence. If every person possessing an automobile which they did not own would be held accountable as having knowledge that the automobile was stolen, every person who borrowed a car would be in peril of [] conviction[.]

*Commonwealth v. Henderson*, 304 A.2d 154, 156-157 (Pa. 1973).

Moreover, our Supreme Court has previously determined "the Juvenile Act requires a juvenile court to find that a child has committed a delinquent act **and** that the child is in need of treatment, supervision, or rehabilitation, before the court may enter an adjudication of delinquency." *Commonwealth v. M.W.*, 39 A.3d 958, 964 (Pa. 2012) (emphasis in original), *citing* 42 Pa.C.S.A. § 6341. "A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency." *Id.* at 966. "If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall

enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed." 42 Pa.C.S.A. § 6341(b). "The court shall then proceed immediately or at a postponed hearing, [] to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation, as established by a preponderance of the evidence, and to make and file its findings thereon." **Id.**

The Rules of Juvenile Court Procedure provide additional guidance:

> Under these rules and the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, a determination for each case requires separate and distinct findings. First, the court is to hold an adjudicatory hearing, governed by Rule 406 or receive an admission from the juvenile of the allegations, governed by Rule 407. Second, after hearing the evidence or receiving an admission, the court is to rule on the offenses pursuant to Rule 408, stating with particularity the grading and counts of each offense. Third, after ruling on the offenses or entering its findings, the court is to determine if the juvenile is in need of treatment, supervision, or rehabilitation pursuant to Rule 409. After the court has made these findings and if the court finds that the juvenile is in need of treatment, supervision, or rehabilitation, the court is to hold a dispositional hearing as provided for in Rule 512 and is to enter a dispositional order pursuant to Rule 515. Nothing in these rules precludes the court from making these determinations at the same proceeding as long as the requirements of Rules 406 through 409 are followed.

Pa.R.J.P. 401.

"If the court determines that the juvenile is in need of treatment, supervision, or rehabilitation, the court shall enter an order adjudicating the juvenile delinquent and proceed in determining a proper disposition under

Rule 512."[4]  Pa.R.J.P. 409(2)(a).  "The court shall receive any oral or written evidence from both parties and the juvenile probation officer that is helpful in determining disposition, including evidence that was not admissible at the adjudicatory hearing [and the] court shall give the juvenile and the victim an opportunity to be heard."  Pa.R.J.P. 512 (A)(1)-(2).  The court is required to colloquy the juvenile and conduct an independent inquiry to determine whether the juvenile understands his post-dispositional and appellate rights. *See* Pa.R.J.P. 512(C).  "Pursuant to [Pa.R.J.P. 512](D), when the court has determined the juvenile is in need of treatment, supervision, and rehabilitation, the court is to place its findings and conclusions of law on the record by announcing them orally in the courtroom, followed by written order. The court is to consider the following factors: a) the protection of the community; b) the treatment needs of the juvenile; c) the supervision needs of the juvenile; d) the development of competencies to enable the juvenile to become a responsible and productive member of the community; e) accountability for the offense(s) committed; and f) any other factors that the court deems appropriate."  Pa.R.J.P. 512, Comment.   The court is not precluded from "further explaining its findings in the dispositional order pursuant to [Pa.R.J.P.] 515." *Id.*  "When the court enters a disposition after an adjudication of delinquency[,] the court shall issue a written order [,] which

---

[4] "To the extent practicable, the judge or juvenile court hearing officer that presided over the adjudicatory hearing for a juvenile should preside over the dispositional hearing for the same juvenile."  Pa.R.J.P. 512, Comment.

- 10 -

the court has determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, accountability for the offenses committed, and development of the juvenile's competencies to enable the juvenile to become a responsible and productive member of the community." Pa.R.J.P. 515.

Here, upon review of the certified record and applicable law, we agree there was insufficient evidence to support Appellant's adjudication of delinquency for UUA and that the trial court further erred by failing to hear additional evidence and make an independent finding that Appellant needed treatment, supervision or rehabilitation before entering the adjudication of delinquency order. In this case, the Commonwealth did not present evidence that Appellant knew or had reason to know that he lacked the owner's permission to operate the vehicle. Appellant used keys to operate the vehicle in question. As set forth in detail above, there was no apparent, physical evidence presented which would have alerted Appellant that the car had been stolen. Moreover, four days had elapsed after the car owner reported her vehicle stolen. Therefore, based upon all of the foregoing, we agree with the Commonwealth and conclude that the Commonwealth failed to prove that Appellant acted recklessly, let alone with actual knowledge, with respect to the owner's lack of consent to operate the vehicle. There was simply no evidence that Appellant knew or had reason to believe the property was stolen

and Appellant's mere possession of the vehicle was not enough. Hence, there was insufficient evidence to support an adjudication of delinquency for UUA. As such, we vacate the order adjudicating Appellant delinquent and discharge the juvenile on this petition.

Finally, we note that the trial court erred by adjudicating Appellant delinquent without hearing evidence as to whether Appellant needed treatment, supervision, or rehabilitation. Instead, the trial court merely inquired about the status of other open criminal matters related to Appellant and, immediately thereafter, adjudicated Appellant delinquent in this case. *See* N.T., 7/1/2021, at 22-23. Ultimately, in its subsequent opinion, the trial court determined that "[i]n light of [Appellant's] prior admission for drug possession and an open matter in Delaware County, [the trial c]ourt believed that [Appellant] was in need of treatment, supervision and rehabilitation." Trial Court Opinion, 11/17/2021, at *3-4 (unpaginated). The record makes clear that the trial court only examined Appellant's criminal history, did not hear evidence about treatment, supervision, or rehabilitation before adjudicating Appellant delinquent, and failed to follow the Rules of Juvenile Procedure as detailed above. More specifically, the trial court did not receive additional evidence pertaining to amenability to treatment, supervision, or detention, failed to advise Appellant of his post-dispositional rights, and failed to enter its reasons for its findings and conclusions of law into the record. Such actions were erroneous and, as a result, Appellant is entitled to relief for this additional reason.

- 12 -

Order vacated.  Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/7/2022*