J-A10029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: D.A.R., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF:  D.A.R. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 945 MDA 2021 |

Appeal from the Dispositional Order Entered June 30, 2021
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-JV-0000074-2021

| | | |
|---|---|---|
| IN THE INTEREST OF:  D.A.R, A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: D.A.R. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 977 MDA 2022 |

Appeal from the Dispositional Order Entered June 28, 2021
In the Court of Common Pleas of Lancaster County Juvenile Division at
No(s):  CP-36-JV-0000516-2019

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: NOVEMBER 17, 2022**

D.A.R., a minor, appeals the order adjudicating him delinquent of involuntary deviate sexual intercourse with a child and sexual assault,[1]

---

[1] 18 Pa.C.S.A. §§ 3123(b) and 3124.1.

committed against victim R.B. when he was 13 or 14 and she was 9. He challenges the sufficiency of the evidence of penetration. We affirm.

The juvenile court in Lancaster County held an adjudication hearing on January 28, 2021. R.B. testified that on a camping trip in 2018, she was in bed in a camper trailer between D.A.R. and another child. When she was half asleep, half awake, D.A.R. pulled down her pants and underwear and "put his thing in [her] butt." His "thing" means his "private part," which is used "[t]o have babies, I guess." When D.A.R. did so, R.B. "squeezed [her] butt together." He stopped when R.B. got up, pulled up her pants, and moved to the other end of the bed.

About a year after the incident, on May 22, 2019, R.B. showed her mother a note she had typed on her cellular phone that said:

> Mom, I got raped and I was scared so . . . what I did was move. . . . It was [D.A.R.'s nickname] who did it. What . . . he did was pull down my pants and underwear and put his thing in my butt. I'm not playing and I had to move where I was. And I made my butt cheeks tight and he put it in. And I pulled my pants up and moved to the other end of the bed. It happened when I was 9 or 10. Don't yell at me. I was scared to tell you because I thought you were going to yell at [me]. That's why I was scared and I'm scared to go to school tomorrow.

N.T., 1/28/21, at 15–16. R.B. participated in a forensic interview.

The juvenile court adjudicated D.A.R. delinquent of the above offenses. The case was transferred to juvenile court in Cumberland County, which

entered a dispositional order. D.A.R. appealed.[2] However, because D.A.R. did not file a concise statement of errors complained of on appeal as directed by the juvenile court, the juvenile court was unable to enter an opinion in support of its order. *See* Pa.R.A.P. 1925. We remanded to give the juvenile court the opportunity to address the merits of D.A.R.'s appeal. D.A.R. filed a concise statement identifying one error challenging the sufficiency of the evidence. The juvenile court in Lancaster County entered an opinion explaining the bases for its factual findings.

On appeal, D.A.R. raises the same issue: "In a prosecution for Involuntary Deviate Sexual Intercourse and Sexual Assault, was the evidence sufficient to prove that there was penetration of the anus, however slight?" D.A.R.'s Brief at 5.

In reviewing a challenge to evidentiary sufficiency, we follow these well-settled principles:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every

---

[2] D.A.R.'s adjudicatory hearing was in Lancaster County, and his dispositional hearing was in Cumberland County. He filed an appeal first in Cumberland County and then *nunc pro tunc* in Lancaster County. We are disposing of both appeals in this opinion.

element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In Interest of K.G.*, 278 A.3d 934, 938–39 (Pa. Super. 2022) (quoting *In Interest of J.G.*, 145 A.3d 1179, 1188 (Pa. Super. 2016)).

In this case, D.A.R. was adjudicated delinquent of involuntary deviate sexual intercourse of a child and sexual assault, both of which require the Commonwealth to prove that he engaged in "deviate sexual intercourse." 18 Pa.C.S.A. §§ 3123(b), 3124.1.[3] "Deviate sexual intercourse" is defined to include "[s]exual intercourse per os or per anus between human beings." 18 Pa.C.S.A. § 3101. Although this definition of "deviate sexual intercourse" does not expressly require penetration, our courts have inferred a requirement that the Commonwealth prove penetration. *Compare Commonwealth v. Troy*, 553 A.2d 992, 996 (Pa. Super. 1989) (single-judge opinion) ("While both [rape and involuntary deviate sexual intercourse] embrace deviate acts, only one—sexual intercourse in the ordinary sense—requires proof and contains the element of penetration."), *with Commonwealth v. Kelley*, 801 A.2d 551, 555 (Pa. 2002) (surveying cases defining "intercourse . . . per anus" with

_____

[3] The Commonwealth can also prove sexual assault when a defendant engages in "sexual intercourse" without the complainant's consent.

its ordinary meaning of "anal sex"), *and Commonwealth v. L.N.*, 787 A.2d 1064, 1070 (Pa. Super. 2001) (requiring "oral or anal intercourse, which involved penetration however slight" to sustain a conviction for involuntary deviate sexual intercourse).

D.A.R. contends that it "is certainly in dispute" whether he penetrated R.B. D.A.R.'s Brief at 13. He asserts that she did not see what was behind her and never "identified a penis as what penetrated her." *Id.* He claims that R.B. never testified that she was in pain or that she felt D.A.R. inside of her, only "that her butt felt funny." *Id.*

However, we conclude that the evidence was sufficient for the juvenile court to resolve the factual dispute by finding that D.A.R. penetrated R.B.'s anus. Although R.B. did not use the word "penis," she testified that D.A.R. "put his thing in [her] butt," his "thing" being "his private part" that is used "[t]o have babies." The juvenile court could reasonably infer from this description that D.A.R.'s "thing" was his penis, which a 12-year-old child could describe as a private part that is used to have babies. Further, the court could infer from R.B.'s testimony that the body part penetrated was her anus, which is consistent with her testimony that she "squeezed [her] butt together." It is reasonable to infer that a 12-year-old child would describe anal penetration

in this way.[4]  Viewed in a light most favorable to the Commonwealth, the evidence was sufficient to prove penetration.

Adjudication order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2022

---

[4] The Commonwealth invites us to hold that penetration of the anus may be proven by entry into the external structure of that orifice, the natal cleft. Commonwealth's Brief at 7 (citing **Commonwealth v. Bowes**, 74 A.2d 795 (Pa. Super. 1950) (holding that entry into the labia is sufficient to prove penetration of the vagina)).  Because we hold the evidence in this case to be sufficient to prove that D.A.R. penetrated R.B.'s anus, we decline to opine whether entry between the buttocks would also be sufficient.